HAMAN ALWAIS, as Administrator, etc., of PEARL ALWAIS, Deceased, Respondent, v. EMPLOYERS' LIABILITY ASSURANCE CORPORATION, LTD., OF LONDON, ENGLAND, and Another, Appellants.

First Department, February 6, 1925.

Judgments — summary judgment — claims by father and son for damages caused by negligence — said claims alleged to have been settled in actions by father and by son — present action is to recover amount allotted to son who is now dead — individual defendant and insurance company raised issue as to terms of settlement — summary judgment should not have been granted against insurance company only.

In an action to recover the amount alleged to have been allotted to an infant in the settlement of actions by the father and by the infant which were brought to recover damages for injuries suffered by the infant and for loss of services by the father, a summary judgment should not have been granted against the insurance company only, since it appears that the insurance company and the individual defendant raised an issue as to the terms of the settlement agreed upon; such issue should have been submitted to a jury for trial.

APPEAL by the defendants, Employers' Liability Assurance Corporation, Ltd., of London, England, and another, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 6th day of May, 1924, severing the action as between the two defendants and directing summary judgment for $4,000 against the defendant insurance company on the ground that its answer was not interposed in good faith, and did not present any issue of fact required to be tried.

*Gustave Posner,* for the appellant Lewinter.

*Pettigrew, Glenney & Bovard* [*Walter L. Glenney* of counsel], for the appellant insurance company.

*Harry Fieldsteel* [*Joseph F. Murray* of counsel], for the respondent.

BURR, J.:

The action is based upon an alleged agreement of compromise or settlement of negligence actions brought on behalf of an injured infant and her father for damages for personal injuries in the infant's case and loss of services in the father's case. The actions were brought against the defendant Lewinter who was insured by the defendant insurance company up to a limit of $5,000. The infant died about a year after the accident. One of the disputed facts in the case is whether the date of the alleged settlement is prior or subsequent to the date of death. The present action is brought by the administrator of the infant's estate to recover the amount allotted to the infant's action upon the alleged settlement. The father individually is not a party to this action, so that his share of the alleged settlement is not being sued for herein. Yet the present plaintiff demands and has obtained an order for judgment for all that the appellant insurance company is claimed to have offered to contribute to a joint settlement of both the infant's and father's actions.

The alleged terms of settlement were $5,500 for the two actions, of which the defendant insurance company was to contribute $4,000 under its policy held by the codefendant Lewinter, who was to pay the balance of $1,500 himself. The plaintiff's attorney procured an order of court permitting the settlement and compromise of the infant's action for $4,300, leaving the balance of $1,200 for the father's action for loss of services.

The contention of defendant insurance company is that, in the first place, no such agreement of settlement as is alleged in the complaint was ever at any time made, or even contemplated, and, furthermore, that no actual agreement of settlement was ever made, the negotiations for settlement being terminated by the death of the infant before any binding agreement was made between the parties; and, in any event, that the plaintiff's attorney had no power to make a binding agreement of settlement with the defendant insurance company because he could not accept the mere promise of the insurance company in place of the infant's cause of action against the defendant Lewinter, since, in an infant's action, under the order for compromise, there is no authority to settle except for cash.

The codefendant Lewinter, in his answer, presents an additional

issue that his offer to contribute $1,500 to the alleged settlement was procured through fraud and misrepresentation between the plaintiff's attorney and his personal attorneys. His contention is that he was unwilling to contribute anything unless the defendant insurance company paid the full $5,000 limit of its policy, and that it was only on the representation that the cases could not be settled for less than $6,500, of which the insurance company was to pay its full $5,000 limit of liability under its policy, that he was induced to offer to pay $1,500.

As to defendant Lewinter, the action has been severed, and the issue of fraud, as well as the other issues tendered by that defendant's answer, will have to be litigated. The appellant insurance company, on the other hand, has had judgment summarily given against it, although it denies the making of the agreement alleged in the complaint, and asserts, without contradiction, that its offer to contribute $4,000 to the settlement was conditioned upon the codefendant Lewinter contributing $1,500, which he has not paid, and which he contends he is not obligated to contribute.

The necessary elements required to make a valid and binding agreement to settle a negligence action are specified by the Court of Appeals in *Reilly* v. *Barrett* (220 N. Y. 170). In that case the court said: " The answer clearly shows an executory agreement by which the defendant agreed, within a reasonable time, to pay the plaintiff the sum of two hundred dollars, and by which the plaintiff agreed to accept that sum when tendered in settlement of the action, and thereupon to discontinue such action without costs. There is no allegation that the defendant's promise was to be received in satisfaction, and no facts pleaded from which such an inference can be drawn. The answer is, therefore, defective in that it pleads only an accord."

The court in the same case says: " If his claim be that his promise was accepted in satisfaction, that he must plead." (See, also, *Kromer* v. *Heim*, 75 N. Y. 574.)

The instant case comes under the rule laid down by the Court of Appeals in *Moers* v. *Moers* (229 N. Y. 294, 300), where the court says: " An accord not executed does not discharge the original claim. Whether there is an accord and satisfaction ordinarily involves a pure question of intention, which is, as a rule, a question of fact."

Apparently the intention here was to settle the case only in the event of the actual payment of the full $5,500; but, since the plaintiff and the codefendant contend otherwise, then, under the defendants' denials of the allegations of the complaint, an issue of fact is presented which requires submission to a jury as to what the real intention of the parties was.

This is not a case, in any event, for the granting of summary judgment. As said by the Court of Appeals in *Gravenhorst* v. *Zimmerman* (236 N. Y. 22): "It never could have been, or in justice ought to have been, the intention of those who framed our [Civil] Practice Act and rules thereunder that the decision of such a serious question as this should be flung off on a motion for summary judgment. Whatever the final judgment may be the defendants were entitled to have the issue deliberately tried and their right to be heard in the usual manner of a trial protected." (See, also, *Brooklyn Clothing Corp.* v. *Fidelity-Phenix F. Ins. Co.*, 205 App. Div. 743; *Peninsular T. Co., Inc.*, v. *Greater B. Ins. Corp.*, *Ltd.*, 200 id. 695.)

The codefendant is being permitted to try out the issues raised in his answer which involve the validity of his contribution of $1,500 to the settlement. The offer of the defendant insurance company to contribute $4,000 was conditioned upon the codefendant paying $1,500. Therefore, in the present case summary judgment should not be rendered against one defendant alone for the full amount of its offer, when the condition upon which the offer was made may never be fulfilled.

A clear issue requiring a trial was presented by the answer of the defendant insurance company both upon the law and the facts.

The order should be reversed, with ten dollars costs and disbursements, and the motion for summary judgment denied, with ten dollars costs.

CLARKE, P. J., DOWLING, MERRELL and McAVOY, JJ., concur.

Order reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.