Vincent A. Lupiano, J.
The motion of the plaintiffs for summary judgment under rule 113 of the Eules of Civil Practice and of the defendant for leave to serve an amended answer have heen considered together.
This is an action for a declaratory judgment. The plaintiffs, who are the insured and one of their insurers, seek an adjudication that another insurer, the defendant herein, is obliged to defend a certain action for personal injuries based upon the alleged negligence of the plaintiffs Barron. Such action, which was brought by one Griacomini and five others who were also allegedly injured in the same accident, is now pending in the United States District Court for the Eastern District of New York. The motor truck involved in the Q-iacomini accident had been leased by the plaintiffs Barron from one Solt, the owner thereof. It was covered by a liability policy written by the defendant, which had transmitted a certificate of insurance to the plaintiffs Barron, who were also covered by a liability policy issued by the plaintiff insurance company which provided that it “ shall be excess insurance over any other valid and collectible insurance available to the insured ”.
The policy written by the defendant not only protected the named insured, Solt, but also ‘ ‘ any person or organization *646 legally responsible for the use thereof ’ ’. An indorsement therein contained (293-c) provided as follows: “ The insurance with respect to any person or organization other than the Named Insured also does not apply to any person or organization or any agent or employee thereof, engaged in the business of transporting property by automobile for the Named Insured or for others (1) if the accident occurs while such automobile is not being used exclusively in the business of the Named Insured and over a route the Named Insured is authorized to serve by federal or public authority.” (Emphasis supplied.)
The plaintiffs contend that at the time of the accident Solt operated the vehicle in his own business and that therefore the policy written by the defendant applies to the pending. suit in the United States District Court. They further contend that by virtue of the certificate of insurance which the defendant had sent to the plaintiffs Barron it is estopped from relying upon that part of the hereinabove-quoted indorsement which would render the insurance inoperative if the truck was ‘ ‘ not being used exclusively in the business of the Named Insured ”. The defendant, on the other hand, asserts that its insured, Solt, did not operate the truck exclusively in his own business at the time of the accident and that therefore there is no coverage here. It contends also that the certificate of insurance did not effect an estoppel.
The situation is an anomalous one, for if Solt operated the truck exclusively in his own business then under common-law principles, the plaintiffs Barron would not be held liable in the action pending against them in the Federal court; on the other hand, if Solt did not operate the truck exclusively in his own business when the alleged accident occurred the defendant’s policy would seem to be inapplicable. The plaintiffs suggest, however, that under the rule of Trautman v. Higbie (10 N. J. 239) the plaintiffs Barron might be held liable for negligent operation of the truck by Solt if the truck was being operated under an Interstate Commerce Commission license or permit which had been issued to the Barrens (cf. Venuto v. Robinson, 118 F. 2d 679; and, see, Restatement, Torts, § 428). However, it is unnecessary and also not feasible on this motion to decide the question of the eventual liability of the plaintiffs Barron for the injuries which the said Giacomini and others allegedly sustained. There are facts here which are peculiarly within the knowledge of the Barrens and concerning which the defendant presumably has no firsthand information. Hence, the defendant may not be required, on this motion for summary judgment, to meet squarely the issues necessary to determine *647 whether the policy which it wrote covers the accident upon which the suit in the Federal court is predicated. The liability of the plaintiffs Barron depends upon their relationship to the insured Solt at the time of the accident. It may not be assumed or considered that the defendant insurance company is adequately informed about the relationship between the Barrons and Solt and concerning the conditions under which, and the agreement by which, the truck was operated on the day of the accident. Therefore, the facts which would reveal whether the policy issued by the defendant covers the case can be properly evaluated only at a plenary trial (cf. Brooklyn Clothing Corp. v. Fidelity-Phenix Fire Ins. Co., 205 App. Div. 743; Suslensky v. Metropolitan Life Ins. Co., 180 Misc. 624, affd. without opinion 267 App. Div. 812; Warren v. Commercial Travelers Mut. Acc. Assn. of America, 271 App. Div. 989; Firemen’s Ins. Co. of Newark v. Schustrin, 65 N. Y. S. 2d 83, affd. without opinion 272 App. Div. 803; Moss & Bro. v. Universal Ins. Co., 65 N. Y. S. 2d 82).
Although the plaintiffs insist that Solt was an independent contractor operating exclusively in his own behalf, there are no facts before the court from which this may now be determined. The leasing agreement does not indicate whether Solt was to act exclusively for the plaintiffs Barron, and the agreement itself was over a year old at the time of the accident. The affidavit of the plaintiffs’ attorney is inconclusive and at best is based upon hearsay information. Indeed, it is not even clear that Solt operated at the time of the accident under the Interstate Commerce Commission license which had been issued to Barron.
The plaintiffs lean heavily upon the certificate of insurance, but this is but a weak reed, for it does not show the kind of insurance to which it refers or the coverage. There is no reason to believe that the plaintiffs relied or were entitled to rely on such certificate.
Accordingly, the motion of the plaintiffs for summary judgment is denied.
The motion of the defendant for leave to serve an amended answer is granted, and such amended answer may be served within 10 days from date of publication in the New York Law Journal of the order entered simultaneously herewith.