(21 Misc. Rep. 649.)

## WALL v. GILLIN PRINTING CO.

(Supreme Court, Appellate Term.    November 24, 1897.)

1. CONTRACTS—MUTUALITY.
   A provision in a contract wherein plaintiff agreed to let the use of his printing press so long as defendant wanted it is invalid for want of mutuality, where defendant agreed to pay $25 per day while he used it, but did not agree to use it for any definite length of time.

2. SAME—EVIDENCE OF BREACH—SUFFICIENCY.
   Defendant testified that plaintiff violated a contract for the use of plaintiff's press when he needed it in printing certain maps for the government, and caused him to lose the benefit of such contract. After the time when defendant claimed such contract was thus broken, he paid all that plaintiff demanded, except a sum that defendant claimed by reason of plaintiff breaking defendant's lithographic stone, and claimed no damages for said breach of contract, but testified that he had made complaints previously, which plaintiff denied. The government had the option of withdrawing its contract with defendant before he made any contract with plaintiff, who denied refusing to let defendant use the press when he wanted to, nor did defendant show that plaintiff ever so refused after demand and notice. Held, plaintiff did not violate his contract.

3. BAILMENT—CONTRIBUTORY NEGLIGENCE.
   Plaintiff's employés, in the presence of defendant's employé, who was charged with the duty of looking after defendant's lithographic stone, placed the stone while uninjured upon a small truck, and removed it to the place where it was to be used. When it was unwrapped, it was found to be chipped at the edge. Held, plaintiff was not liable, as defendant's employé was negligent in not assisting in placing it on the truck, and thereafter protecting it.

Appeal from Third district court.

Action by Henry M. Wall against the Gillin Printing Company. From a judgment for plaintiff for $61.85, defendant appeals. Affirmed.

Argued before DALY, P. J., and McADAM and BISCHOFF, JJ.

Smith & Cochrane, for appellant.

Ralph S. Rounds and Arthur Smith, for respondent.

DALY, P. J.    The plaintiff has recovered $61.85, a balance claimed for the use of a lithographic printing press, and for work and material furnished for the printing of certain maps for defendant.    The

answer offsets damages for imperfect printing, for delay, and for damage to a lithographing stone, greater than the amount of plaintiff's claim, and also avers payment in full. All the issues raised by the pleadings were tried, and the finding was in plaintiff's favor, upon evidence which, if it did not conclusively establish the merits of plaintiff's case, was at least so conflicting as to afford no justification for disturbing the judgment. It is claimed by appellant that this judgment may be a bar to its recovery of damages in an action against the plaintiff for the matters set up in its answer herein, and that this result will work great injustice, because defendant has been deprived, by the plaintiff's breach of agreement, of the profits of a large contract with the government for the printing of the maps in question, and that the record therefore should be closely scrutinized to see whether the preponderance of proof was with the recovery herein. In view of this serious claim, it has been necessary to consider the voluminous mass of evidence with close attention. It is manifest from the proof that no action for damages for breach of contract by appellant in printing can be urged against the plaintiff, because it did not stipulate to do any work within any prescribed period. He let the use of his press and pressmen to the defendant at $25 per day for as long and as often as the latter required them, apparently not to exceed 10 days, for the printing in question, which was to be done with lithographic stones, plates, and paper furnished by defendant, and under the direction of its pressman, who was to instruct plaintiff's people until they were able to do the work themselves. Defendant did not agree to employ the press for any prescribed time, nor to give plaintiff any stipulated amount of work, but was to use the press as it wanted it; plaintiff stipulating that it could not be used every day, because he had other work which must go on. Under this arrangement, defendant was bound to nothing except to pay for what actual use it might choose to make of the press, and plaintiff therefore was bound to no obligation except to charge no more than the stipulated price for such use. It is claimed that plaintiff was required to keep the press ready for defendant when and as long as it required it; but even without the reservation by plaintiff, above referred to, it is manifest that there was no contract, for want of reciprocal agreement on defendant's part to use the press. Mutuality—the essence of such a contract—was wanting in the arrangement.

The facts as to the alleged breach are these: Defendant used the press on three different occasions in February and March, aggregating 19 days and a fraction, which, at the rate of $25 per day, made an indebtedness of $495.85, on which the defendant paid, in two payments, $450, the last payment, of $200, being after the alleged breach of contract, and for which defendant exacted a receipt in full from plaintiff's employé, without plaintiff's knowledge. The difference was retained by defendant for damages to a lithographic stone. These payments indicate that there was no agreement such as defendant relies upon as a basis for the serious claim for damages for delay in the performance of the work, for at the time of the last payment said breach had already occurred, if at all, and defendant

might have refused to pay anything if its present contention is correct. The only deduction then made by defendant was "for breaking the stone and destroying the work"; and there was no claim for any other damage. Defendant testifies that it did make complaints previously, but this is denied by plaintiff, and the latter is corroborated by the facts. It may be observed that, so far as the defendant's contract with the government is claimed to have been affected by the alleged delay on plaintiff's part, the time of completion by defendant under that contract had expired, and the withdrawal by the government was optional before defendant had ever proposed the work to plaintiff. In addition to these difficulties in the way of defendant's counterclaim, there is a dispute of facts as to whether the plaintiff refused the use of the press to defendant at any time. The proof leaves it a fair question whether defendant did not acquiesce in the alleged interruption of its work; and it is certain that there was no refusal to permit the work to proceed after demand or notice, no notice or demand having been shown. The work was not continuous, nor apparently intended to be; and, under the circumstances of the case, it would be unjust to hold plaintiff responsible for the alleged consequences of delay without adequate notice.

There is next to be considered the question whether plaintiff is responsible for the injury to one of defendant's lithographic stones. This stone was delivered by defendant on its own truck, and by its own employé, and was carried with the assistance of some of plaintiff's truckmen from the truck into the plaintiff's place, where it remained either three or five days before there was any attempt to use it. When about to be used, it was discovered to be chipped in one place at the edge. It was a fair question whether it was injured in plaintiff's place, or before it got there. The face of the stone was protected by paper, and, when that was removed for the press, the chip fell off. Defendant's pressman and another employé testified that they examined the stone when it arrived at plaintiff's place, and that it was then perfect, and that that fact could be ascertained without removing the paper. It was suggested by the pressman that it was injured when placed on a small truck by plaintiff's workmen. It weighed 600 pounds, and required 7 or 8 men to take it from defendant's truck, and 5 men to carry it into plaintiff's place, where it was placed on the floor, and then put on a small truck by two of plaintiff's men, while defendant's two employés stood by without assisting in that operation. It is mere surmise that it was broken by being so handled. Defendant's pressman states that, as it came into plaintiff's place while he was there, he was supposed to look after it. If this was his duty, it would seem that there was some negligence on his part in not assisting in placing it on the small truck, and not protecting it afterwards until it was to be used.

The rule invoked by appellant which requires the bailee of goods, under certain circumstances, to prove the exercise of due care (Wintringham v. Hayes, 144 N. Y. 1, 38 N. E. 999), does not apply to this case, since it appears that the bailor, by its employé, who was on the premises of the bailee, had the same opportunity to care for

the goods, and to know what care was taken of them, which the bailee possessed; and so the onus of disproving negligence was not cast upon the latter by merely showing that the article was delivered in good condition, and that the injury complained of would not happen in the ordinary course. In the first place, the proof that the stone was perfect when intrusted to the plaintiff's servants was given by an interested witness, the defendant's pressman, who was himself responsible for properly caring for it, according to his own admission; and, in the next place, the same employé had complete control of the subject, and took such care of it as he deemed necessary. The finding of the justice on this point cannot be disturbed.

There remains the question as to whether the plaintiff's employés damaged certain impressions of the maps in the course of printing. The damage was caused by an imperfection as testified to by the pressman whom defendant placed in charge of work to instruct plaintiff's workmen; but, as he was present and in full control when the damage was done, it is manifest that the sole responsibility for the imperfection cannot be laid on the plaintiff. Judgment should be affirmed, with costs. All concur.