<hr />

(87 App. Div. 99.)

### MEEKS v. MEEKS et al.

(Supreme Court, Appellate Division, Second Department.   October 22, 1903.)

1. PLEADING—COMPLAINT—AMENDMENT—EFFECT.
    Where a complaint is amended, the amended complaint becomes the only complaint in the case, and is as effectual for all subsequent purposes as if it had been filed at the commencement of the action.
2. SAME—SUMMONS—PUBLICATION—ORDER—REFERENCE TO COMPLAINT.
    Code Civ. Proc. § 453, provides that where the court directs a new defendant to be brought in, not on such defendant's application, a supplemental summons must be issued, directed to him in the same form as the original, except that in the body it must require the defendant to answer the original or the amended complaint and the supplemental complaint, or either of them, as the case requires. Held that, where prior to the bringing in of an additional defendant the complaint had

<hr />

¶ 1. See Pleading, vol. 39, Cent. Dig. § 737½.

been amended, an order for the publication of summons directing service of the amended and supplemental summons and of the amended complaint on such defendant was proper.

Appeal from Special Term, Kings County.

Action by Catherine L. Meeks, as executrix of the estate of Joseph W. Meeks, Jr., deceased, against Edwin B. Meeks and others. From an order denying a motion of defendant Sophia T. Hawkins to set aside the service of summons on her by publication, she appeals. Affirmed.

See 79 N. Y. Supp. 718.

Argued before GOODRICH, P. J., and JENKS, WOODWARD, HIRSCHBERG, and HOOKER, JJ.

Jay E. Lawshe, for appellant.
Herbert T. Ketcham, for respondent.

GOODRICH, P. J. Sophia T. Hawkins, named as one of the defendants, appearing for the purposes of the motion only, moved for an order vacating an order of publication of the supplemental summons in this action. The court denied the motion, and Mrs. Hawkins, with a similarly restricted notice, appeals therefrom.

The appellant was not named as a party in the original summons. The only original defendant was Edwin B. Meeks, as trustee, etc. Other parties, including Mrs. Hawkins, were subsequently added, and the summons and complaint were amended accordingly. In March, 1903, the order of publication was made, which directed the service of a copy of the amended and supplemental summons and of the amended complaint on Mrs. Hawkins and some of the other defendants.

The appellant contends that the order of publication was improperly granted, because it did not comply with section 453 of the Code of Civil Procedure. That section, so far as pertinent to this appeal, reads:

"Where the court directs a new defendant to be brought in, and the order is not made upon his own application, a supplemental summons must be issued, directed to him, and in the same form as an original summons; except that, in the body thereof, it must require the defendant to answer the original or the amended complaint, and the supplemental complaint, or either of them as the case requires."

When the order was entered, there was but one complaint, and that was the amended complaint. Such a complaint becomes the only complaint between the parties, and is as effectual for all subsequent purposes as if it had been filed at the commencement of the action. Colvin v. Shaw, 79 Hun, 56, 29 N. Y. Supp. 644. The amended and supplemental summons requires the appellant to answer the complaint—that is, the amended complaint—and there is no other or supplemental complaint. The order requiring the service of such summons by publication is a compliance with the provisions of section 453, above quoted.

The order should be affirmed, with costs.

Order affirmed, with $10 costs and disbursements. All concur.