MORRIS P. LEVIDOW vs. JOHN H. STARIN.

Third Judicial District, New Haven, January Term, 1905.
TORRANCE, C. J., BALDWIN, HAMERSLEY, HALL and PRENTICE, Js.

In a complaint for assault and battery it is proper, in showing the nature of the assault, to describe the circumstances under which it occurred.

In such an action evidence of a public insult offered to the plaintiff by the assailant during the course of the assault and characterizing his act is admissible to enhance damages.

After alleging the particular acts of force and violence constituting the assault, the complaint averred that the defendant's servant "otherwise ill-used and ill-treated" the plaintiff. Held that had the defendant desired the details of such ill-treatment, he should

Levidow v. Starin.

have moved for a more specific statement; and not having done so, he could not complain, after verdict, that this general allegation did not justify consideration of all the attending circumstances.

Evidence to create an inference of fact upon which to base an inference of another fact is ordinarily inadmissible as too remote. A court is not required to promote the construction of such a cob house of inferences.

It cannot be said as a matter of common knowledge, nor indeed is it the subject of proof, that common carriers are accustomed to proceed without regard to the rights and feelings of their passengers; and therefore counsel ought not, in an action against such a carrier, to urge such considerations upon the jury and ask for a verdict which will compel respect for such rights. But such a transgression is not so flagrant as to constitute a ground of appeal, if no objection was made at the time to the improper observations.

In an action for assault and battery, the defendant assumes the burden of proving a justification alleged in his answer.

Argued January 20th—decided March 9th, 1905.

ACTION for an alleged assault and battery, brought to the Court of Common Pleas in New Haven County and tried to the jury before *Hubbard, J.;* verdict for the plaintiff for $100, which the trial court refused to set aside, and appeal by the defendant. *No error.*

*Henry G. Newton* and *Ward Church*, for the appellant (defendant).

*Robert C. Stoddard*, for the appellee (plaintiff).

BALDWIN, J. The plaintiff has recovered $100 damages from the owner of a steamboat on which he was a passenger, for an assault made upon him by the captain. The answer admitted that the captain laid hands upon him, but asserted that it was gently done without causing any unnecessary damage, for the purpose of awakening him to demand the fare due for his daughter, a child of six, who was traveling with him and occupying the same berth.

There was evidence from which it is obvious that the jury might well have found that, while by the rules of the defendant half fare was required from a child of that age, the purser

of the boat had declined the plaintiff's offer to buy a ticket for his daughter, assuring him that it was not necessary; that the deck watchman had told him that it would be proper to take her with him into the men's cabin for the night; that the captain not only used unnecessary violence in awakening him, but pulled him out of his berth by the leg, shook and pinched him, and tore his shirt; and that this was done in the presence of a number of passengers, and accompanied with a threat of arrest for attempting to defraud.

Not only was a verdict for the plaintiff warranted, but a verdict for a substantial amount. While the only allegations as to the nature of the damages were that the defendant's "officers laid violent hold of the plaintiff, and with great force and violence pulled him out of bed, and pushed and shoved and pinched the plaintiff, and assaulted and beat him upon the body and limbs, and otherwise ill-used and ill-treated him," it was proper, in showing the nature of the assault, to describe the circumstances under which it occurred. *Barnum* v. *Vandusen*, 16 Conn. 200; *Brzezinski* v. *Tierney*, 60 id. 55, 62. The jury had a right to consider the public insult offered by the threat to arrest for fraud, made in the course of the assault, as characterizing the act; and also that it was made in the presence of other passengers. Had the defendant desired particulars as to the ill-usage and ill-treatment which were alleged in general terms, he could have moved for a more specific statement. Not having done so, it is too late, after verdict, to claim that those averments did not justify consideration of all the attending circumstances.

It follows that the motion to set aside the verdict was properly denied.

It was a material question in assessing the damages whether the assault was made, as the plaintiff claimed, at about five o'clock in the morning, before the arrival of the boat at her destination, or as the defendant claimed, after six o'clock, and when the boat was alongside the wharf and the other passengers had left the cabin. The captain, having testified to the facts so claimed in defense, was asked if it was cus-

tomary to arouse passengers in the morning, and replied that it was, and at half past five o'clock.

This was properly struck out. It was too remote. What might have been the custom of the boat was unimportant, unless it could be used as the basis of an inference that it was followed on the morning in question. But that it was followed on the morning in question would, again, be unimportant, unless it could be used as the basis of an inference that the other passengers had left the cabin shortly after being awakened, and therefore could not have witnessed the assault. A court is not required to promote the construction of such a cob house of inferences. *State* v. *Kelly*, 77 Conn. 266, 271; *Ward* v. *Metropolitan Life Ins. Co.*, 66 id. 227, 240; *Laufer* v. *Bridgeport Traction Co.*, 68 id. 475, 486, 37 L. R. A. 533.

The plaintiff's counsel, in his closing argument to the jury, repeatedly urged "that the defendant was in the same position as carrier corporations, which are accustomed in the prosecution of their business to proceed without regard to the rights and feelings of the individual, and that the verdict should be such as to enforce the duty of due respect to the rights of passengers and patrons."

It was plainly improper thus to say to the jury that carrier corporations are accustomed to proceed without regard to the rights and feelings of those with whom they deal. It had not and could not have been made the subject of proof, nor could it be assumed as a matter of common knowledge. But the transgression of the proprieties of the bar was not so flagrant as to constitute a ground of appeal,* when no objection was made or taken, at the time, to any of these repeated observations. *State* v. *Laudano*, 74 Conn. 638. Had objection been made, it would no doubt have been sustained, since the court, unasked, cautioned the jury, in its charge, to pay no regard to considerations of the kind so suggested.

The jury were properly instructed that the burden of

---

* By leave of court, this reason of appeal was added by amendment, under § 39 of the Rules of the Supreme Court. Rules of Court, p. 103.

proving, by a preponderance of evidence, the facts set up in the answer by way of justification, rested on the defendant.

Other exceptions to the charge require no particular discussion. Considered as a whole, it contained a correct exposition of the law, although certain observations were made which, taken by themselves regardless of their connection, might be liable to misconstruction.

There is no error.

In this opinion the other judges concurred.