FRANCIS A. MURRAY *vs.* PARAMOUNT PETROLEUM AND PRODUCTS COMPANY, INCORPORATED.

Third Judicial District, Bridgeport, April Term, 1924.

WHEELER, C. J., BEACH, CURTIS, KEELER and HAINES, Js.

In an action by the plaintiff to recover damages for his alleged wrongful discharge as manager of the defendant's wholesale gasoline and kerosene business, the defendant pleaded in justification of the discharge that the plaintiff's carelessness and negligence had caused a loss and shortage of the stock handled by him. *Held:*—

1. That the trial judge properly instructed the jury that the plaintiff's

duty in managing the defendant's business was to use reasonable care under all the circumstances and not, as claimed by the defendant, to use the highest degree of care.

2. That the defendant's claim that the trial judge erred in refusing to charge the jury that the plaintiff's position was analogous to that of a bailee and that, therefore, the burden was upon him to satisfactorily explain the loss and shortage, was without merit; (a) because the plaintiff was in no event bound to explain the loss any further than to show that it was not caused by lack of reasonable care on his part, and this he did, as the jury found; (b) because the rule in bailment cases rests upon the bailee's exclusive possession and control over the property, whereas, in this case, the gasoline and kerosene were at all times in the possession of the defendant and subject to such supervisory control as the defendant cared to exercise. (*Two judges dissenting.*)

Argued April 9th—decided July 28th, 1924.

ACTION to recover damages for an alleged wrongful dismissal of the plaintiff as manager of the defendant's business, brought to the Superior Court in New Haven County and tried to the jury before *Hinman, J.;* verdict and judgment for the plaintiff for $3,954, and appeal by the defendant. *No error.*

On August 19th, 1921, plaintiff was employed by the defendant as manager of its business of selling gasoline and kerosene at wholesale, under written contract whereby the plaintiff agreed to "devote for the next two years from date hereof, the whole of his time and attention to the business of the said corporation, and diligently and faithfully employ himself therein as manager."

The complaint alleges that he performed his duties as manager diligently and faithfully until April 1st, 1922, when he was wrongfully discharged.

The answer admits the discharge, and justifies it chiefly on the ground that plaintiff conducted the business "carelessly and negligently," in that he permitted "through his carelessness and inattendance to his duties a loss and shortage of gas to the extent of 12,000 gallons."

The jury found the issues for the plaintiff, and assessed his damages at $3,954. Defendant appeals for errors in the charge.

*Walter J. Walsh,* with whom, on the brief, was *Samuel M. Silver,* for the appellant (defendant).

*Stanley Dunn,* for the appellee (plaintiff).

BEACH, J. The defendant's appeal raises two principal questions. First, whether the trial court erred in instructing the jury that the plaintiff's duty in the fulfillment of his contract obligations was "to exercise that reasonable degree of care, skill and efficiency in that position that a person skilled in that business and capable of managing it would exercise under all the circumstances."

Defendant's counsel requested the court to charge that "it was the duty of the plaintiff in the event that the defendant was suffering a loss of gas to use every means in his power to endeavor to detect the cause for the loss of such gas." This is equivalent to saying that the plaintiff should have used the highest degree of care in the management of the defendant's business. The law imposed no such duty on the plaintiff.

The court correctly charged the jury that the burden of proof was on the plaintiff to prove, by the requisite preponderance of evidence, all the material allegations of his complaint, including the allegation that he had diligently and faithfully performed the duties of his employment, and further, that "if you find that the plaintiff failed or neglected to use reasonable care and means to detect the cause or causes of the losses of said gasoline and kerosene and prevent such losses, then the defendant was under no obligation to continue to keep him in its employment, and was justified in discharging him."

In these portions of the charge, the jury were properly instructed as to the burden of proof and the degree of care and diligence imposed by law upon the plaintiff, generally, and in respect of preventing excessive losses of gasoline and kerosene. By their verdict the jury have found that the plaintiff did sustain the burden of proof cast upon him, and did not fail or neglect to use reasonable care to prevent such losses of gasoline and kerosene as in fact occurred.

The defendant's second principal claim is that the court erred in refusing to instruct the jury, as requested, that "if the jury find that the defendant lost some 12,000 gallons or more of gas which was under the care of the plaintiff, then it became the duty of the plaintiff to satisfactorily explain to the jury the cause for the loss of this large amount of gas." The portion of the charge most nearly responsive to this request is as follows: "On the other hand, if you find that the plaintiff did exercise reasonable care and diligence in respect to said materials, and the losses thereof, and was not guilty of carelessness and neglect or lack of reasonable diligence, the fact that losses existed and continued, notwithstanding, would not of itself justify the defendant in discharging him, and, if the other elements of the plaintiff's complaint be proven by the requisite preponderance of the evidence, your verdict should be for the plaintiff."

We think this was as far as the defendant was entitled to require the plaintiff to go in the direction of explaining satisfactorily to the jury the cause for the losses in question. Upon the whole charge the plaintiff was required to show by a preponderance of evidence that the losses did not occur through any lack of reasonable care on his part. That meets the issue of justification alleged in the answer, and there seems to be no other issue arising on the pleadings which requires

any further explanation of the cause of the loss by the plaintiff.

The defendant's argument in support of its claim that the court erred in refusing to charge as last requested, is based on the claim that the gasoline and kerosene in question were so completely in the possession and under the control of the plaintiff that he ought to be required to explain the deficiency as if he were a bailee. It is a sufficient answer to this argument that the plaintiff has already been required to show, and has shown, to the satisfaction of the jury that the loss was not occasioned by his negligence; and that is all that a defendant bailee is required to show when sued for loss of or damage to the goods bailed.

The rule in such cases is founded on the nature of a bailment, which involves a delivery of the thing bailed into the possession of the bailee, under a contract to return it to the owner according to the terms of the agreement. The failure of the bailee to perform his contract to return the goods raises a presumption that their nonproduction is due to the negligence of the bailee, and by proof of such nonproduction the bailor makes out a prima facie case of negligence, which may be overcome by the bailee by any explanation which shall satisfy the trier that the loss was not due to his failure to exercise reasonable care in the custody of the goods. *Brooklyn Clothing Corporation* v. *Fidelity-Phenix Fire Ins. Co.*, 205 N. Y. App. Div. 743, 747, 200 N. Y. Supp. 208. The cases are collected in a note to § 160, 6 Corpus Juris, p. 1158.

We do not, however, assent to the proposition that the plaintiff was a bailee, or in a position analogous to that of a bailee, of the goods in question. The burden of proving that no excessive loss of gasoline and kerosene occurred under his management, by reason of his negligence, was properly imposed on him because, as

plaintiff in this action for wrongful discharge from his employment as manager of the business, he was required to prove that he performed his duties as manager with reasonable care. But if the defendant corporation were suing him for damages for an alleged excessive loss of gasoline and kerosene, we are of opinion that the proof of the loss here in question would not of itself raise a presumption of negligence on the claims of fact as they appear in the finding. The plaintiff, as manager, had charge of the purchase and sale of gasoline and kerosene. The materials were stored in tanks owned by the defendant and located on its premises. These tanks were equipped with locks opened by keys and were under the control of the plaintiff at all times during his employment, except for two weeks in the month of March, 1922, when the plaintiff was absent on account of sickness. Concededly some loss by evaporation of gasoline was to be expected, and the defendant claimed that one per cent of the gasoline sold was a reasonable allowance for such loss. Making this allowance the alleged excessive loss was approximately 9,000 gallons out of a total of 406,519 gallons. Plaintiff claimed that the total loss was not excessive or unusual; but accepting the defendant's claim, the loss is not so large as to raise a presumption that it was due to the negligence of the manager, especially as it is admitted that approximately one half of the total loss occurred in the single month of March, when the plaintiff was absent for two weeks, and that the other half of the loss was spread over a period of something over five months. There are manifest possibilities of leakage not discoverable by the exercise of reasonable care, of excessive evaporation, and of loss by careless handling and measurement by subordinate servants, which are not excluded by the finding.

Under the circumstances the rule *res ipsa loquitur* is plainly inapplicable; and the rule in actions against a bailee has no application because the goods in question remained in the possession of the owner, on its premises and in its tanks. The relation between the defendant and the plaintiff was that of master and servant. The delivery of the keys of the tanks to the plaintiff was not for the purpose of making a symbolic delivery of possession of their contents, but for the purpose of giving the plaintiff such control of their contents as was necessary to enable him to manage the defendant's business of buying and selling gasoline and kerosene. Nothing in the contract of employment, or the nature of the business, required that the defendant should be excluded from such supervisory control of the business as it might choose to exercise; and it nowhere appears in the finding that it was in fact excluded except of its own volition.

We have not found any case in which the rule in actions against a bailee has been applied in an action against a servant placed in charge of the master's goods upon the master's premises. The possession of a bailee ordinarily excludes the owner from taking care of the goods bailed, and from opportunity to know what care is exercised by the bailee; when that is not the fact, it is held that the rule requiring the bailee to disprove negligence does not apply. 6 Corpus Juris, p. 1158, § 160; *Bertig* v. *Norman*, 101 Ark. 75, 141 S. W. 201; *Wall* v. *Gillin Printing Co.*, 21 Misc. 649, 84 N. Y. Supp. 67.

There is no error.

In this opinion CURTIS and KEELER, Js., concurred.

WHEELER, C. J. (dissenting). Plaintiff sues to recover damages for his discharge from defendant's employment

under a contract in which he agreed to devote, for two years, the whole of his time and attention to the business of the defendant, and diligently and faithfully employ himself therein as a manager of defendant's business of selling gasoline and kerosene at wholesale. Plaintiff offered evidence to prove that he entered into this employment, procured a site on which to erect tanks for this product, negotiated a lease therefor, procured customers, and bought and sold this product. These tanks were equipped with locks to open with keys under the control of the plaintiff at all times during his employment. Defendant offered evidence to prove that the total product handled between the date of plaintiff's employment by defendant, September 20th, 1921, and April 1st, 1922, the date of plaintiff's discharge, was 406,519 gallons, and that the shortage of the gasoline and kerosene during this period was over 12,000 gallons, and after making reasonable allowance for shrinkage on gasoline, the loss was about 8,500 gallons, and because of this loss and plaintiff's failure to explain the loss, defendant discharged him.

The defendant requested and the trial court refused this instruction: "If the jury shall find that while the plaintiff was undertaking to act as manager of the defendant corporation, that the defendant corporation lost some 12,000 gallons or more of gas which was under the care of the plaintiff then it becomes the duty of the plaintiff to satisfactorily explain to the jury the cause for the loss of this large amount of gas." I think defendant was entitled to this charge. The plaintiff was the buying and selling agent of the defendant, in the custody of its product, and in complete charge of its place of business. As custodian of this product he was in a position related to that of a bailee of personal property. The theory of the defendant was that when it appeared that this amount of the

product in the custody of the plaintiff was lost, it became his duty to explain this loss, and in the absence of such explanation the defendant had the right to discharge him for failure to perform his duty as manager diligently and faithfully.

In the case of a bailment, the nonproduction of the goods bailed raises a presumption that their nonproduction is due to the negligence of the bailee.    The bailor may rely on this presumption to establish a prima facie case of negligence against the bailee.  This prima facie case may be overcome by the bailee by any explanation which shall show that this loss was not due to his failure to exercise reasonable care in the custody of the goods.   The authorities are in accord upon this rule of law.  *Brooklyn Clothing Corporation* v. *Fidelity-Phenix Fire Ins. Co.*, 205 N. Y. App. Div. 743, 747, 200 N. Y. Supp, 208, thus states the rule: "It is a familiar rule of law that when a bailor calls upon the bailee for the delivery of goods theretofore intrusted to him, the nonproduction of the goods raises a presumption of negligence on the part of the bailee.  This presumption can, however, be rebutted by showing that the goods were destroyed by fire, or by theft, providing the fire or the theft was not occasioned by the bailee's negligence."    *Hunter* v. *Ricke Bros.*, 127 Iowa, 108, 110, 102 N. W. 826; *Cumins* v. *Wood*, 44 Ill. 416; *Safe Deposit Co.* v. *Pollock*,  85 Pa. St. 391; *Davis* v. *Tribune Job Printing Co.*, 70 Minn. 95, 98, 72 N. W. 808; *Mills* v. *Gilbreth*, 47 Me. 320, 336;  Van Zile on Bailments (2d Ed.) p. 29, § 34, note; 5 Wigmore on Evidence (2d Ed.) § 2508.

A bailment has in it an element of agency, Van Zile on Bailments (2d Ed.) § 43, and an agent for the purchase, custody and care of goods and for their subsequent sale is, in his custody of the goods, in a sense a bailee.   When the agent fails to return the goods

upon proper demand, the same rule should hold as in a straight bailment. Proof of the delivery of the goods and of their loss should make out a prima facie case against the agent, rebuttable by him upon showing that the loss was not due to his own failure to exercise due care. This rule is fair to the agent because he has had the opportunity to know what has become of the goods, while it may be quite impossible for the owner to ascertain this, or to show that the loss is due to the negligence of the agent. Such a rule is sometimes mistakenly assumed to change the burden of proof, shifting it from the bailor to the bailee, or from the principal to the agent. It does no such thing. The standard of duty of the agent in the care and custody of the goods remains the same, to exercise reasonable care. What the law determines by this rule is that the proof of delivery and loss raises a presumption that the loss has occurred through the failure of the bailee or agent to use reasonable care. Such proof makes out a prima facie case of negligence on the part of the bailee or agent. Explanation is open to him because he has the best means of explanation; he may overcome this presumption by showing that in fact the loss was not due to his own negligence. The standard of the agent's duty has not changed, nor has the burden of proof been shifted from the principal to the agent. The law has determined that the principal has fulfilled his duty by the mere proof of delivery and loss, which creates a presumption of negligence in the agent and makes out a prima facie case. The burden of proof remains from beginning to end upon the principal.

Cyc., in Volume 31, p. 1467, states accurately the true rule: "An agent who is intrusted with the care and custody of property belonging to his principal becomes a bailee of the property and subject to the ordinary liabilities of such bailees, but this liability

does not arise until the actual delivery of the property to the agent or its constructive delivery whereby he accepts its care. The agent will not be liable if the property is lost, destroyed, or injured without any fault or negligence on his part, or if in keeping and protecting it he exercised ordinary care, skill, and diligence, or such as an ordinarily prudent person would exercise in regard to his own property; . . . and in any case where an agent has property of the principal in his care and custody he will be liable therefor unless he can show that he still has the property or can account for its loss."

In *Charlesworth* v. *Whitlow*, 74 Ark. 277, 282, 85 S. W. 423, where lumber had come into the appellants' hands and was unaccounted for, the court held: "But whether appellants were remunerated agents, or merely gratuitous bailees, is not material. For in either case they should be held to discover and account for the lumber which came into their hands, and they would be liable for its value unless they could show that they still had the lumber or could account for its loss." See also *Darling* v. *Younker*, 37 Ohio St. 487; 1 Mechem on Agency (2d Ed.) § 1344; 2 Corpus Juris, p. 732, § 396.

In my opinion the defendant was entitled to the instruction asked for. Simplicity and certainty will be promoted by having like rules of law to govern like situations.

In this opinion HAINES, J., concurred.