SAVIN EXPRESS COMPANY *v.* THE HANOVER FIRE INSURANCE COMPANY.

MALTBIE, C. J., BROWN, JENNINGS, ELLS and DICKENSON, Js.

Argued May 1—decided June 1, 1945.

*William J. Willetts,* with whom, on the brief, was *George C. Morgan,* for the appellant (defendant).

*Charles Suisman,* for the appellee (plaintiff).

JENNINGS, J. The plaintiff, a common carrier of goods by truck, brought suit against the defendant on a policy of insurance protecting it against "Theft of an entire shipping package, holdup and hi-jacking, but excluding all pilferage" and had a verdict. Numerous assignments of error were filed but the only substantial issue relates to the denial of the motion to set the verdict aside.

Certain facts were conceded. The plaintiff was a common carrier by truck, operated between New York, New London and points east and was protected by a policy of insurance issued by the defendant which contained the quoted clause. On September 13, 1938, it received at New York two packages consigned to Pawtucket, Rhode Island, and failed to deliver one of them. Judgment was rendered against it in a suit brought by the shipper and was paid. The defendant refused to reimburse the plaintiff therefor. In order to recover, the plaintiff had to establish by a fair pre-

ponderance of the evidence that the loss was due to the "Theft of an entire shipping package," since it did not claim that any other clause of the policy applied. The plaintiff was unable to furnish any further information about this particular shipment. It handled several hundred packages a day and neither the drivers nor platform men had any specific recollection about the shipment in question. It was further handicapped because its records, including those relating to this shipment, were destroyed by the order of the New London board of health because they were contaminated by the flood accompanying the hurricane of September 21, 1938.

The plaintiff recognized that this evidence was insufficient and offered, without objection, evidence of the usual course of procedure followed in handling shipments of this character. The jury could reasonably have found from this evidence that shipments were sent in a closed truck from New York to New London, that they were there transshipped for delivery in Providence and Pawtucket and that the drivers were instructed to keep the doors closed while making deliveries in those cities. There was no evidence that these instructions were obeyed.

There was no sufficient basis for the inference that the package in question was stolen. As pointed out by the defendant, it might have fallen off the truck, been left in the street while other deliveries were being made, been delivered to the wrong address and never returned or been lost at the terminal. It also claims that the plaintiff is really trying to prove a loss due to mysterious disappearance, a coverage not included in this policy, and that such losses suffered by the plaintiff had been frequent.

The plaintiff cites many cases in which verdicts based on inferences have been supported, such as

*White* v. *Herbst,* 128 Conn. 659, 25 Atl. (2d) 68, and *Foster* v. *Hartford Buick Co.,* 131 Conn. 348, 39 Atl. (2d) 884. It would serve no useful purpose to analyze all of them. To take the first as an illustration, plaintiff's decedent left a second-floor apartment to descend to the first floor. The stairway was unlighted and defective and had no handrail. He was later found dead at the bottom of the stairs. This indicates the very narrow scope within which the necessary inference that he died because of the defective stair operated. Here, by contrast, there is no sure evidence that the package even left New York and the things that could have happened to it on its journey are legion. *Levidow* v. *Starin,* 77 Conn. 600, 603, 60 Atl. 123. Not to prolong the discussion unduly, it is held that this case lies, rather, in the class of which *Simauskas* v. *Connecticut Co.,* 102 Conn. 61, 127 Atl. 918, and *Latham* v. *Hankey,* 117 Conn. 5, 166 Atl. 400, are illustrative. As is stated in the latter case (p. 10), "Drawing logical deductions and making reasonable inferences from facts in evidence, whether that evidence be oral or circumstantial, is a recognized and proper procedure in determining the rights and obligations of litigants, but to be logical and reasonable they must rest upon some basis of definite facts, and any conclusion reached without such evidential basis is a mere surmise or guess." The motion to set aside the verdict should have been granted.

In view of the possibility of a new trial, one additional claim of the defendant is briefly noticed. The policy provided that suit must be brought "within twelve (12) months next after the happening of the loss," and suit was not brought within twelve months from the date of shipment when the loss occurred. The policy also provided that its purpose was "to indemnify the Assured only to the amount which the

Assured shall become liable to pay and shall pay in respect of the merchandise and/or goods." Suit was brought immediately after the judgment obtained by the shipper had been paid by the plaintiff. The defendant claimed that the suit was not brought within the time fixed in the policy. The policy was one of indemnity, not liability, insurance, and under its terms the defendant was not liable to the plaintiff until the latter had paid the shipper for the goods. *Shea* v. *United States Fidelity & Guaranty Co.,* 98 Conn. 447, 452, 120 Atl. 286; *Morehouse* v. *Employers' Liability Assurance Corporation,* 119 Conn. 416, 424, 177 Atl. 568. "Loss" under the policy could not occur until such payment had been made; and consequently an action on the policy could be brought, as it was, within one year thereafter. *Rogers* v. *Aetna Ins. Co.,* 95 Fed. 103, 106, 35 C. C. A. 396; *McWilliams* v. *Home Ins. Co.,* 40 App. Div. 400, 404, 57 N. Y. S. 1100. The defendant's claim in this regard is not valid.

There is error, the judgment is set aside and the case is remanded with direction to grant the motion to set aside the verdict.

In this opinion the other judges concurred.