THE LEAKE AND NELSON COMPANY *v.*
W. J. MEGIN, INC.

INGLIS, C. J., BALDWIN, O'SULLIVAN, WYNNE and COVELLO, Js.

Argued December 7, 1954—decided January 25, 1955

*Samuel S. Freedman,* with whom was *Harry Freedman,* for the appellant (plaintiff).

*Walter F. Torrance, Jr.,* for the appellee (defendant).

INGLIS, C. J. In this action the plaintiff seeks to recover for damage done to one of its cranes while the crane was in the custody of the defendant as bailee. The trial court found the issues for the defendant, and the plaintiff has appealed.

The court found the following facts: The defendant had a contract with the United States Rubber Company to unload from a flatcar and place on a foundation at the company's plant in Naugatuck a tank-like piece of equipment, known as a vulcanizer, which weighed approximately twenty-eight tons. The operation required two cranes, and therefore the defendant rented one crane from the plaintiff. It also rented from the plaintiff two wire slings or chokers. As was the custom in such transactions, the plaintiff furnished an operator and an oiler with the crane.

At the railroad yard, the wire slings provided by the plaintiff were placed around the vulcanizer "choker style," i.e., the eye formed by a splice at one end of the wire sling was passed through the eye at the other end and then looped over the hook of the crane. One of the slings was attached to the crane owned by the defendant and the other to the crane owned by the plaintiff. The vulcanizer was then lifted from the flatcar by the two cranes, placed on a truck trailer and taken to the rubber company's yard without difficulty. The slings remained rigged to the vulcanizer.

At the yard of the rubber company, the eyes of the slings were again hooked to the two cranes, the vulcanizer was lifted in the air by the cranes, and the trailer was removed. At that time, the end of the vulcanizer attached to the crane belonging to the defendant was higher than the other end, and the defendant's foreman directed the operator of the defendant's crane to lower it. Before any lowering had been done, however, one of the strands of the wire sling attached to the defendant's crane broke at the point of the splice in the eye that was looped over the crane's hook, the splice itself gave way and

the end of the vulcanizer fell, causing considerable damage to the crane rented to the defendant by the plaintiff. The court drew the inference that the sling that gave way was defective. It also found that the defendant was unaware of that fact. It concluded that the defendant had proved the actual circumstances of the damaging of the plaintiff's property, so that the presumption of negligence which arises when a bailee returns property in a damaged condition had been overcome, and that, in fact, the defendant had not been negligent.

The gist of the plaintiff's claims on this appeal is that the court was not warranted upon the evidence in finding that the sling was defective and that, with this finding out of the case, there was no explanation of the cause of the fall of the vulcanizer. Accordingly, it is claimed the defendant failed to prove the circumstances attendant upon the accident to the extent necessary to relieve it of the presumption of negligence on its part.

Both parties to this action have treated the rental of the crane as a bailment, and we will decide the case on that theory. It is true that when a bailee returns the bailed property to the bailor in a damaged condition there arises a presumption that the damage was the result of the bailee's negligence. This presumption prevails unless and until the bailee proves the actual circumstances involved in the damaging of the property. If those circumstances are proved, then the burden is upon the bailor to satisfy the court that the bailee's conduct in the matter constituted negligence. *Murray* v. *Paramount Petroleum & Products Co.,* 101 Conn. 238, 242, 125 A. 617; *O'Dea* v. *Amodeo,* 118 Conn. 58, 63, 170 A. 486. The circumstances which the bailee must prove must be something more than

those indicating the immediate cause of the damage. The proof must go so far as to establish what, if any, human conduct materially contributed to that immediate cause. *Frissell* v. *John W. Rogers, Inc.*, 141 Conn. 308, 312, 106 A.2d 162. As applied to the present case, this rule means that, to escape the effects of the presumption of negligence, the defendant had to go forward with the proof of the circumstances attendant upon the fall of the vulcanizer. After those circumstances were proved, the burden was upon the plaintiff to satisfy the trier that under all the circumstances the defendant failed to exercise reasonable care in a particular which caused the damage to the crane.

It appears from the finding that, if the court was warranted in inferring that the wire sling which gave way, and which was the property of the plaintiff, was defective, the defendant satisfied the requirement that it prove the circumstances attendant on the fall of the vulcanizer. On this subject there was no direct evidence. The conclusion of the court that the sling was defective was based solely on inference, and the plaintiff asks us to strike it from the finding. In making this request, the plaintiff relies on two bits of evidence. The first of these is the testimony of the defendant's foreman to the effect that before the operation of moving the vulcanizer began he inspected the sling and it "seemed" to him to be in good condition. It is urged that this amounted to a judicial admission that the sling was not defective. Whether it was a judicial admission or not, it is obvious that there is nothing in this testimony to prevent an inference that the sling was in fact defective. A defect might have existed and still not have been apparent on a careful inspection. In the second

place, the plaintiff relies upon the testimony of its own operator that the sling gave way when the defendant's operator, in the process of lowering the vulcanizer, braked suddenly. This act, it is claimed, would furnish a reasonable explanation, and one other than that the sling was defective, for the breaking of the sling. The defendant's operator, however, testified that the breaking of the sling occurred before he started to lower the vulcanizer. In this he was corroborated by the defendant's foreman. From the finding, it appears that the court accepted the defendant's version, as it was privileged to do. Accordingly, there is nothing in the evidence to contradict the inference with which we are concerned.

Affirmatively, an expert testified that a sling of the size furnished, rigged choker style, is, if it is in good condition, adequate to carry a load of the weight of the vulcanizer. Moreover, the appearance of the sling after the fall indicated that one or two strands of the wire had broken at the splice and that then the splice had pulled out. Upon this evidence, in the absence of any other explanation, it was well within reason for the court to infer that the sole cause of the fall was that the wire sling was defective. It follows that the court was warranted in concluding not only that the defendant had proved all of the essential circumstances which led to the damaging of the plaintiff's crane but also that under those circumstances there was no proof that the defendant had been negligent.

There is no error.

In this opinion the other judges concurred.