AETNA CASUALTY AND SURETY COMPANY *v.* POPPEL AND SONS SERVICE STATION, INC.

BALDWIN, O'SULLIVAN, WYNNE, DALY and PHILLIPS, Js.

Argued June 17—decided July 19, 1955

*Thomas E. Russell,* with whom, on the brief, were *John F. Shea, Jr.,* and *Harry T. Woodward, Jr.,* for the appellant (plaintiff).

*Harold J. Eisenberg,* for the appellee (defendant).

DALY, J. The plaintiff, as subrogee under a comprehensive fire and theft policy issued by it, brought this action to recover for damage to the automobile of the insured, alleged to have been caused by the negligence of the defendant, its agents, servants and employees. The court rendered judgment for the defendant, and the plaintiff has appealed.

In its first assignment of error, the plaintiff claims that the trial court erred "[i]n finding as facts" six paragraphs "of the finding." Section 392 of the Practice Book provides that error in the finding shall be assigned, "directly, (a) in finding without evidence a material fact as specified in a designated

paragraph of the finding." Notwithstanding the fact that in this assignment it is not stated that the facts contained in the challenged paragraphs of the finding were found without evidence, we construe the assignment as one based upon such a claim. The facts narrated in the paragraphs which the plaintiff asks to have stricken are amply supported by the evidence printed in the appendix to the defendant's brief, and therefore these paragraphs must remain.

The finding recites the following facts: On October 19, 1952, the insured was the owner of an automobile which he had taken to the defendant's service station in the town of Berlin to be serviced. On October 20, 1952, there was a flash fire in the station, and the car was badly burned. Under the terms of the policy issued to the insured and a subrogation release signed by him, the plaintiff was subrogated to his right of action against the defendant to the extent of the payment made by the plaintiff.

The defendant's service station consisted of a two-bay brick building, used for the repair and servicing of automobiles, and a wooden structure which was attached to the easterly end of the brick building and used for office and storage. The front part of the wooden structure, devoted to office purposes, was divided by a partition which was perpendicular to the front of the building. The rear part was divided by a partition parallel with the front of the building. The fire began in the latter partition. The defendant started its business in 1935 at this location, which is in the Kensington section of the town of Berlin. In 1938, the Kensington Volunteer Fire Department was organized, and continuously since then its headquarters have been in a building next to the defendant's service station. The

defendant, from the time it commenced doing business to the date of the fire, maintained its station in a clean and careful manner and had it cleaned and swept daily. All rubbish and oily rags were taken out and disposed of each day. The gasoline storage tanks were underground and outside the station. Only a minute amount of gasoline, for washing parts, was ever kept inside, and then only in the brick structure. This gasoline was thrown out at the close of each business day. No inflammable material or merchandise was kept in the station. The only article stored at the partition where the fire started was a soft drink vending machine. The Kensington fire marshal and the lieutenant of the fire department had frequent opportunities to observe and inspect the defendant's station and always found it to be maintained and operated in a clean and careful manner and never in such a manner as to present a fire hazard. The insured, who had been employed in a gasoline station, always found the defendant's place of business to be clean and well maintained. He never noticed any fire hazard there. The fire department frequently stored its apparatus inside the defendant's station, once continuously for a period of six months while the present fire station was being constructed. The defendant's heating and electrical systems and fixtures were regularly serviced and inspected, and at the time of the fire were in good working order.

On the morning of October 20, 1952, William Poppel, the president of the defendant corporation, was making up a bank deposit in one of the front offices. George Boncek, the defendant's mechanic, was working on an automobile in the westerly bay of the brick structure. He had just completed a task and was walking toward the office for instructions when he

saw that a fire had broken out at the partition separating the two rear rooms. He yelled "Fire!" to Poppel and both ran outside and sounded the fire alarm next door. Poppel and Boncek got one automobile out of the brick structure, but because of the rapid spread of the fire they were unable to remove the two remaining cars, one of which was the insured's. The bank deposit which was being made up, totaling several thousand dollars in cash and checks, was also burned. The local fire department was at the fire within two minutes after the alarm was sounded, but it was unable to prevent the total loss of the defendant's station.

The cause of the fire is unknown. Neither the Kensington fire marshal nor the lieutenant who was the ranking officer in charge of the fire department nor the defendant's employees know what caused the fire. They are all agreed that no negligent or hazardous condition existed at the defendant's station which caused the fire, and that no inflammable material was kept near the partition where the fire started or in any other place inside the service station. William Poppel testified that, as far as he knew, the furnace, electric equipment and wiring were all in good order, no one was negligently smoking on the premises and no volatile material was stored near the supposed place of origin of the fire.

The determinative question is whether, upon the facts found, the court erred in concluding that the defendant proved the actual circumstances connected with the origin of the fire and the precautions taken to prevent the loss and that "[t]he plaintiff thereupon failed to sustain the burden of proving that upon the whole case the defendant was negligent." The plaintiff claims that it established a prima facie case of negligence on the part of the

defendant when it was proved that the bailed automobile was damaged; that it did not have the burden of satisfying the trial court that the conduct of the defendant, a bailee, constituted negligence; that the defendant's offered proof fell far short of proving the circumstances and that, in proving them, the defendant was obliged to prove the cause of the fire.

It is true, as claimed by the plaintiff, that when a bailee returns the bailed property to the bailor in a damaged condition there arises a presumption that the damage was the result of the bailee's negligence. "This presumption prevails unless and until the bailee proves the actual circumstances involved in the damaging of the property. If those circumstances are proved, then the burden is upon the bailor to satisfy the court that the bailee's conduct in the matter constituted negligence. *Murray* v. *Paramount Petroleum & Products Co.*, 101 Conn. 238, 242, 125 A. 617; *O'Dea* v. *Amodeo*, 118 Conn. 58, 63, 170 A. 486. The circumstances which the bailee must prove must be something more than those indicating the immediate cause of the damage. The proof must go so far as to establish what, if any, human conduct materially contributed to that immediate cause. *Frissell* v. *John W. Rogers, Inc.*, 141 Conn. 308, 312, 106 A.2d 162." *Leake & Nelson Co.* v. *W. J. Megin, Inc.*, 142 Conn. 99, 102, 111 A.2d 559.

"From the time of *O'Dea* v. *Amodeo*, 118 Conn. 58, 170 A. 486, our leading case upon presumptions and, more pertinently, upon the quantum of proof required to rebut the presumption of a bailee's negligence, we have consistently referred to the need for proof of the 'circumstances' surrounding the bailment loss. . . . The continued use of this word was obviously more than mere coincidence. There

has been and there still remains a good reason for its use. Fires which occasion damage to the subjects of bailment may and often do result from neg-. ligence, just as losses from theft may be made possible through the negligent conduct of a bailee. In logic and on authority, a bailee ought to be required to submit evidence of the circumstances surrounding the fire or the theft if he hopes to rebut the presumption upon which the law permits a prima facie case of liability to rest. He should not be legally able to escape the effect of a prima facie case through the mere fact of the fire or the theft. . . . The isolated fact of destruction by fire or of loss by theft rebuts nothing. The bailee must prove something more if he is to overcome the presumption. He must prove the actual circumstances connected with the origin of the fire or the theft, and these include the precautions taken to prevent the loss." *Frissell* v. *John W. Rogers, Inc.,* 141 Conn. 308, 311, 106 A.2d 162.

In the instant case, the defendant did prove something more than the isolated fact of destruction by fire. As shown by the facts found, the evidence furnished a detailed description of the construction and appearance of the defendant's service station. The manner in which it was maintained and the precautions taken against creating fire hazards were narrated. The fire was shown to be a flash fire. There was proof of a prompt effort to obtain the attendance of the fire department and of an attempt to remove patrons' cars, while the funds which were being readied for deposit by the defendant were ignored. The facts warranted the conclusion that the defendant's employees were not negligent before, during or after the fire, the cause of which is unknown, and that no human conduct materially

contributed to the immediate cause of the fire and the damage to the automobile of the insured. The defendant proved, as required, the actual circumstances connected with the origin of the fire, and these included the precautions taken to prevent the loss. Proof of the actual circumstances connected with the origin of the fire did not necessarily include proof of the actual cause of the fire or even proof of a possible cause of it. The presumption of the bailee's negligence no longer prevailed after the defendant had introduced its evidence concerning the circumstances of the loss, and the burden then fell upon the plaintiff to satisfy the court that the defendant failed to exercise reasonable care in a particular which caused the damage. *Leake & Nelson Co.* v. *W. J. Megin, Inc.,* 142 Conn. 99, 102, 103, 111 A.2d 559. This burden the plaintiff failed to sustain. The defendant was not an insurer. The fire was an event which, under the facts of this case, must be classified as an accident. *Watrous* v. *Sinoway,* 135 Conn. 424, 428, 65 A.2d 473. We cannot hold that the court was unwarranted in concluding that the defendant, acting through its employees, was not negligent.

There is no error.

In this opinion the other judges concurred.