JAMES VECE *v.* VICTOR A. VANACORE ET AL.

APPELLATE DIVISION OF THE CIRCUIT COURT

FILE No. CV 6-615-2035

Argued July 1—decided September 9, 1963

*Dominic A. DePonte,* of East Haven, for the appellants (defendants).

*Paul J. Falsey,* of New Haven, for the appellee (plaintiff).

KINMONTH, J.   This action was brought by the plaintiff to recover damages under a complaint in two counts, the first count alleging a bailment for hire and the second count alleging negligence.  The court found for the plaintiff, presumably under the first count, since the record is clear that the parties, in the trial as well as in the arguments on appeal, proceeded on the count of bailment only.   The defendants have appealed, assigning as error (1) the failure of the court to strike facts found without evidence, (2) its refusal to add facts which were undisputed, and (3) its conclusion that the damage to the plaintiff's boat occurred during the time of the bailment.

The court found the following facts:  The plaintiff, owner of a twenty-seven-foot Richardson cruiser, in the fall of 1959 turned his boat over to the defendants for winter storage.  In accordance with the agreement of the parties, the defendants took the boat out of the water, winterized it, covered it, and were to hook it up in the springtime and prepare it for use in the spring of 1960.  At the time the plaintiff delivered the boat to the defendants, it was in good condition.  During the period of storage, the defendants permitted the plaintiff to do minor work on the boat.  In the spring, the defendants prepared to launch the boat.  The plaintiff was present as a spectator.  The boat was in a dolly or cradle on tracks.  As it was being moved, a roller

slipped and the boat shifted in the cradle but did not strike the ground; it fell about four inches in the cradle. The defendants straightened the roller and proceeded to put the boat in the water. They allowed the boat to remain in the water at their dock for about a week to permit the seams to expand and then removed the boat to a temporary dock located approximately one quarter of a mile down the river. The defendants tied the boat up to the dock and locked the boat. The first time the plaintiff boarded the boat, the Sunday following the launching, he noticed there were about twenty cracked ribs in the boat. The defendants were notified and immediately inspected the boat but were unable to establish the cause of the damage.

The attack of the defendants on the finding is futile, since the facts which they seek to have stricken were supported by evidence, and other material facts which they seek to have added were neither admitted nor undisputed. *State* v. *Coulombe,* 143 Conn. 604, 609. The absence of direct contradiction does not make a fact admitted or undisputed under our rules. *Town & Country House & Homes Service, Inc.* v. *Evans,* 150 Conn. 314, 316. The trier is the final judge of the credibility of a witness and may disbelieve all or any part of his testimony. *Chazen* v. *New Britain,* 148 Conn. 349, 352.

The gist of the defendants' claims on appeal is that the court was not warranted on the evidence in finding that the damage to the plaintiff's boat occurred during the time of bailment, and consequently the burden of proof did not fall on the defendants to explain the particular circumstances involved in the causing of the damage. There is no question that a bailor-bailee relation existed between the parties when the boat was put into winter storage. The determining factor is: When did the bail-

ment terminate? Since a bailment basically involves a surrender of possession and custody, the question of termination is determined by the resumption of possession and custody by the owner, and where different inferences may be drawn, the question of termination is one of fact for the trier. 8 C.J.S., Bailments, § 41; 8 Am. Jur. 2d, Bailments, § 276. The court found that the defendants secured the boat to the temporary dock and locked it; that the plaintiff first boarded his boat on Sunday after the launching, when he discovered the damage; and that the damage had occurred while the boat was in the bailees' possession. It was the conclusion of the court that the bailment had not terminated until the Sunday the plaintiff went aboard the boat. "[W]e may consult the memorandum of decision for a better understanding of the basis of the court's decision." *Hirsch* v. *Thrall*, 148 Conn. 202, 206. The court stated in its memorandum of decision: "When the plaintiff received the key from the defendant, he immediately examined the boat and found the damage."

The plaintiff claims that he established a prima facie case of negligence on the part of the defendants when it was proved that the bailed boat was damaged and that he did not have the burden of satisfying the trial court that the conduct of the defendants, as bailees, constituted negligence. "It is true, as claimed by the plaintiff, that when a bailee returns the bailed property to the bailor in a damaged condition there arises a presumption that the damage was the result of the bailee's negligence. 'This presumption prevails unless and until the bailee proves the actual circumstances involved in the damaging of the property. If those circumstances are proved, then the burden is upon the bailor to satisfy the court that the bailee's conduct in the matter constituted negligence. . . . The circumstances which the bailee must prove must be some-

thing more than those indicating the immediate cause of the damage. The proof must go so far as to establish what, if any, human conduct materially contributed to that immediate cause.' " *Aetna Casualty & Surety Co.* v. *Poppel & Sons Service Station, Inc.,* 142 Conn. 598, 603; *Leake & Nelson Co.* v. *W. J. Megin, Inc.,* 142 Conn. 99, 102. The defendants offered no evidence to explain the circumstances except that a "lot of things" could have caused the damage. The proof required to rebut the presumption of a bailee's negligence is evidence of the circumstances causing the damage. This evidence cannot be based upon speculation or conjecture but must be actual proof of the circumstances causing the damage.

We cannot hold that the court was unwarranted in concluding that the damage occurred during the time of bailment. The plaintiff made out a prima facie case which the defendants failed to rebut by competent evidence.

There is no error.

In this opinion PRUYN and JACOBS, Js., concurred.