CAROL WEBSTER, Appellant, *v.* AARON LANE, Respondent.

Supreme Court, Appellate Term, First Department, November 17, 1925.

**Bailment — action for damages arising from loss of fur coat left by plaintiff in reception room of defendant's office — coat not visible to plaintiff as she sat in chair for dental treatment — defendant deemed to have taken voluntary custody of coat as accommodation to plaintiff.**

Plaintiff is entitled to judgment in an action for damages arising from loss of a fur coat left in reception room of the defendant, a dentist, while she was being treated, where said coat was not visible to plaintiff as she sat in the dentist's chair, since it cannot be said that she continued to keep the coat in her possession in the absence of any appropriate place to deposit wraps, particularly, where defendant or his attendant knew of plaintiff's custom in placing her coat in the same place on other occasions.

The defendant undertook voluntary custody of the coat as an accommodation to his patient and as part of the service for which he was being paid.

APPEAL by plaintiff from a dismissal of the complaint at the end of plaintiff's case in the Municipal Court of the City of New York, Borough of Manhattan, Ninth District, after a trial by a judge without a jury.

*Poore & Webster* [*James C. Webster* of counsel], for the appellant.

*Charles J. Lane,* for the respondent.

PER CURIAM:

The plaintiff removed her fur coat in the reception room of defendant, a dentist, and left it there while she was undergoing treatment. On returning to the reception room later her coat could not be found. While the plaintiff was in the dentist's chair her coat was not visible, and it is evident that she could not be said to have continued to keep it in her possession as in *Wentworth v. Riggs* (159 App. Div. 899) or in *Apfel v. Whyte's, Inc.* (110 Misc. 670). In fact, the existence of the reception room and the absence of any closet or other appropriate place to deposit wraps indicated that plaintiff's action was wholly as expected. She testified that it had been her custom to so place her coat on other occasions when she had visited the dentist's office, and either the dentist himself or the attendant must have known of this practice. Furthermore, we think we may take judicial notice of the fact that the patients of a dentist are not placed in a dental chair for treatment while they have their overcoats or wraps on. It seems clear, therefore, that defendant undertook voluntary custody of the coat as an accommodation to his patient and as part of the

service for which he was being paid. (*Bunnell* v. *Stern*, 122 N. Y. 539.)

Judgment reversed and new trial ordered, with thirty dollars costs to appellant to abide the event.

All concur; present, GUY, BIJUR and MULLAN, JJ.