In the Matter of WELLWORTH RESTAURANT, INC., Petitioner, against JOHN F. O'CONNELL et al., Constituting the State Liquor Authority, et al., Respondents.— Determination of respondents, constituting the State Liquor Authority and the New York City Alcoholic Beverage Control Board, canceling petitioner's restaurant liquor license, unanimously confirmed, with fifty dollars costs and disbursements to respondent State Liquor Authority of the State of New York. No opinion. Present — Hagarty, Acting P. J., Carswell, Adel, Lewis and Aldrich, JJ.

ROSALYN KAMPF, an Infant, by PHILIP KAMPF, Her Guardian ad Litem, Appellant, v. MAX YOKELL et al., Doing Business under the Name of CRESCENT ART LINEN COMPANY, Respondents.— Appeal by permission from an order of the Appellate Term reversing on the law a judgment of the Municipal Court in favor of plaintiff and dismissing the complaint, and from the judgment entered pursuant to said order. Order of the Appellate Term reversed on the law and the facts, the judgment entered thereon vacated, and the judgment of the Municipal Court in favor of plaintiff affirmed, with costs in all courts. We find that the infant plaintiff did not assume the risk as a matter of law. There was an express invitation to plaintiff, held out by defendants, to place her coat in the dressing room and thus yield her personal vigilance during her working hours. There was a bailment for the mutual benefit of plaintiff and defendants. (Labor Law, § 379, as implemented by rule 159 of the Rules of the New York State Industrial Board; 4 Williston on Contracts [Rev. ed.] p. 2904.) There was a consequent duty upon defendants to deliver the coat on demand or to account for its absence. Their failure to do either is *prima facie* evidence of negligence. (*Claflin et al.* v. *Meyer,* 75 N. Y. 260, 262.) In any event, there was a question of fact as to whether the defendants exercised the degree of care required, and the finding of the trial court is not against the weight of the evidence. (*Bunnell* v. *Stern et al.,* 122 N. Y. 539.) Close, P. J., Hagarty, Carswell, Johnston and Aldrich, JJ., concur.

SAMUEL KUTAY, Respondent, v. FRIEDA OTNER, Appellant.— Action by plaintiff, a real estate broker, to recover a commission alleged to be due for services in obtaining a purchaser for real property owned by defendant. At the close of the case a verdict was directed for the plaintiff. The defendant appeals, by permission, from an order of the Appellate Term which affirmed the judgment entered in the trial court in favor of the plaintiff upon the direction of the verdict. Order of the Appellate Term reversed on the law, judgment of the Municipal Court vacated, and a new trial ordered, with costs in this court and in the Appellate Term to abide the event. The trial court erred in excluding the testimony offered by the defendant to show that before the execution of the contract of sale there was an oral agreement between the plaintiff and defendant whereby the payment of the commission was made conditional upon the closing of the title. The defendant, so far as the plaintiff is concerned, was not concluded by the statement in the contract with the purchaser that the plaintiff brought about the sale, et cetera. (*Folinsbee* v. *Sawyer,* 157 N. Y. 196.) The record establishes that the purchaser refused to complete and the title never passed. Hagarty, Acting, P. J., Carswell, Adel, Lewis and Aldrich, JJ., concur.