Bernard Nadel, J.
Plaintiff brings this action to recover $1,725, the value of plaintiff’s coat, which she claims she delivered into defendant’s care and custody and which was not returned.
Defendant moves for summary judgment, asserting that there are no triable issues of fact and that plaintiff, as a matter of law, was guilty of contributory negligence and therefore may not have a recovery against him. Plaintiff cross-moves for summary judgment in her favor.
Defendant is a practicing psychiatrist, who, at the time, when plaintiff was his patient, maintained his office with two associates or colleagues, also practicing in the same field. No receptionist or other employee attended the office.
Plaintiff claims that on one of her professional visits to defendant’s office, in accordance with her usual custom she deposited her coat in a clothes closet in the office reception room. When plaintiff’s professional consultation was complete and she was ready to leave defendant’s office, her coat was missing.
*625 The maintenance of the closet in defendant’s office created an implied invitation to plaintiff to deposit her coat there.
In Webster v. Lane (125 Misc. 868) which involved the loss of a coat in a dentist’s office, the court took judicial notice of the fact that patients of a dentist are not placed in a dental chair with their wraps on. This court likewise takes judicial notice that it is not the custom for a patient to lie on the couch or sit in the chair in a psychiatrist’s office wrapped in her fur coat.
The plaintiff cannot be said to be contributorily negligent as a matter of law because she placed her coat in a clothes closet in defendant’s reception room.
The “ defendant undertook voluntary custody of the coat as an accommodation to his patient and as part of the service for which he was being paid. (Bunnell v. Stern, 122 N. Y. 539.) ” (Webster v. Lane, supra, pp. 868-869.)
Implicit in the relationship between the parties, the defendant became a bailee of plaintiff’s coat, and it is for the trier of the facts to determine whether under the circumstances then prevailing at the time and place of this happening, reasonable care was exercised by the defendant with reference to plaintiff’s coat which was temporarily deposited in the reception room closet preliminary to treatment by the defendant.
Accordingly, the motion and cross motion are denied.