Dorothea E. Donaldson, J.
This claim for property damage due to the loss of an outer coat during employment is founded on breach of contract of employment by the defendant, the State Insurance Fund of the State of New York. The claim was timely filed and has not been submitted to any other court or tribunal for determination.
Miss Belofsky was, on November 26, 1962, employed as a senior compensation claims examiner in the New York City office of the State Insurance Fund and had been associated with that organization for 28 years. Her desk was located on the building’s fourth floor, in the Death Pension and Aggregate Fund Division of the Claims Department. On that morning, after reporting to work at 8:45 a.m. she placed her all-black Borgana (“ fur-like material”) full-length coat upon the coat rack situated immediately to the right of the entryway to her division. The coat rack was a long, continuous metal rack with capacity for 65 coats, separated from the work area on its two long sides by rows of file cabinets, permitting access from either end. Immediately adjacent to this “ semi-closed-in-area ”, on a line with the end of the coat rack that was nearest to the entryway were placed one or two chairs which were used, on occasion, by the general public who found it necessary to seek attention from the employees in this division. The desk of an associate claims examiner, approximately seven feet from the combined coat rack and filing area, was angled to face the entryway.
When the claimant had concluded her day’s employment at 5:15 p.m. that afternoon, she went to the coat rack to obtain her coat but it was not hanging there. Extensive search was made throughout the division and department, in the building and even in the cafeteria where the claimant had had her lunch, but the coat was not found. Miss Belofsky contended that she demanded from her employer the return of her coat or reimbursement in the amount of $87.55, the purchase price of this outer coat which had been worn only three times. Her contention was predicated upon two grounds — first, the violation of section 379 of the Labor Law and second, on the breach of a bailment contract. *836 Section. 379 of the Labor Law refers to “ dressing rooms” and states, in part, in the first sentence thereof: “ In every mercantile establishment or restaurant where more than five women are employed and in every terminal or car barn * * * of a street, surface, electric, subway or elevated railroad * * * a sufficient number of dressing rooms * * * shall be provided for their use.” In subdivision 11 of section 2 of this law, mercantile establishment is defined as “a place where one or more persons are employed in which goods, wares or merchandise are offered for sale and includes a building, shed or structure, or any part thereof, occupied in connection with such establishment.”
The provisions of section 379 have been emphasized by Regulations of the Board of 'Standards and Appeals in its Industrial Code. Section 9.11 (12 NYCRR 9.11) of these regulations refers to ‘ ‘ Dressing rooms for females” and specifically provides therein the requirements for conformity with this regulation. Both statute and regulation refer expressly to areas where women are required to change their street or everyday clothing for work outfits or uniforms.
The State Insurance Fund does not operate a business that is listed in section 379 and does not come within the definition of ‘ ‘ mercantile establishment ” in subdivision 11 of section 2. Neither the statute nor the regulation thereunder applies to the defendant. Likewise, the citation referred to by the claimant, Kampf v. Yokell (267 App. Div. 914) is distinguishable and not applicable.
With respect to her second contention, claimant maintained that when she was first so employed, her supervisor directed her to hang her outer clothing on the rack hereinbefore described. Since no other provisions were made for the employees’ extra clothing, it was argued that the employer intended this area to be the place where such personal belongings might be stored. By placing her coat on the clothing rack, Miss Belofsky testified that she vested in the employer the responsibility as bailee to store her clothing and to return the same to her in the same condition when she made the demand at any time during hex-period of employment. For this alleged bailment claimant made no payment and had no deduction from her salary. However, she asserted that this arrangement was an integral part of the employment contract.
Employment in this regard might be construed as creating a gratuitous bailment. It is rarely interpreted as a contract. (Cf. 4 Williston, Contracts [ Rev. ed., 1936], § 1038.) If the Fund was to be considered a bailee, such classification was *837 unknowing, without recognition and without acceptance. The direction given at the time of this employment was, at the most, one to confer a favor and not to accept responsibility for the exercise of care. The employer promised nothing in return for the “ storing ” of the coat. For if there was to be a return, the bailment would no longer be gratuitous. Only in the event of an emergency is a gratuitous bailee bound to take steps of ordinary prudence for the preservation of the property as the emergency may require. The claimant contended that the relationship not only was a bailment as hereinbefore stated but also was a bailment for mutual benefit. The sole basis for the latter would be a situation where the custody or use of the property is incidental to some other business transaction between the parties. (Of. 4 Williston, op. cit., supra, § 1040.) No business was transacted between claimant and her employer either on November 26, 1962 or on any day of her employment prior thereto. Thus, there was no bailment for mutual benefit because the benefit derived therefrom was exclusively for the claimant and none for the employer. It therefore must be concluded that no bailment of any type had been created. Accordingly, the contention based on breach thereof falls of its own weight. Even assuming that a portion of claimant’s claim could be predicated upon alleged negligence of the defendant, at trial claimant insisted that the claim was based solely on breach of contract and not on negligence. The motion of the defendant striking that portion of the pleadings relative to negligence was granted at trial.
The court considered the testimony of defendant’s witnesses and the citation relied upon and finds that neither affects the basic issues and merely raises the question of the credibility of claimant’s testimony which is resolved in favor of the claimant.
Motion to dismiss made by the defendant at the close' of claimant’s proof, upon which decision was reserved, is den ic'd. Motion to dismiss made by the defendant at the conclusion of the entire proof, upon which decision was reserved, is granted.
The claim must be, and hereby is, dismissed.