Marshall E. Livingston, J.
The agreed statement of facts which forms the background of this case was stipulated by the parties as follows:
“ This is an action to recover money damages for property lost or destroyed in a fire that occurred in defendant Mid-Top Corp.’s restaurant on November 13, 1970. The plaintiffs were waitresses at the restaurant on the date of the fire which destroyed their property listed in plaintiffs’ bill of particulars in the total amount of $1,829.27. At the time, defendant Security Insurance Company was the insurer of Mid-Top Corporation under a fire insurance policy, a copy of which is submitted to the court .
“ Plaintiffs were required, as part of their work, to wear the employer’s waitress uniforms. They were provided a ‘ locker room ’ adjacent to the employee’s dining room in which they changed into their uniforms and readied themselves for work. Both the dining room and locker room were located near the kitchen on the insured premises. Access to the locker room was through a single door which was left unlocked.
“ The plaintiffs were provided with a rack that stood in the center of the locker room and each was also assigned one of *266 several small metal lockers located along one wall of that room. The defendant Mid-Top Corp. provided each employee with one key to her assigned locker and retained another key.
“Plaintiffs, and other Mid-Top waitresses, used the locker room to change from street clothes into their uniforms. The street clothes and other items were either hung upon the rack or placed under it. Some small items were placed in the lockers. On many occasions, the lockers were left open. The room was cleaned by defendant Mid-Top Corp.’s employees other than the waitresses.
“The fire occurred in the locker room and all the items of property for which recovery is sought were located in that room at the time. Each of the plaintiffs had deposited those articles in the locker room prior to commencing work and each was working at the time of the fire.
“ The sole question to be determined is whether the plaintiffs, as third party beneficiaries, are entitled to recover for their losses under the fire insurance policy written by defendant Security Insurance Company and issued to defendant Mid-Top Corp. More particularly, the parties seek a determination as to whether the items of personal property were ‘ in the care, custody, or control of the named insured ’ as provided in Section II, subsection F of said fire insurance policy. It is stipulated that the option described in that section was in effect at the time of the fire and that all other questions of entitlement are either agreed to or have been deemed admitted in the pleadings.”
Following the stipulation, the plaintiffs discontinued their action against Mid-Top Corp.
It was further stipulated that the various items of damaged personal property of the several plaintiffs and the value thereof as set forth in the bill of particulars are accurate and their loss is conceded by defendant Security Insurance G-roup (Security).
In a previous motion before Mr. Justice Blatjvelt by Security to dismiss plaintiffs’ complaint on the ground that plaintiffs had no standing to bring the action, an -order was made upon a decision of the court, denying the motion, and in effect holding that plaintiffs were third-party beneficiaries to the policy of fire insurance and had legal capacity to sue. This is now the law of the case. Section II, subsection (F) of the instant policy provides: “Personal Property of Others in the Care, Custody or Control of the Named Insured — Coverage Extension: (Applicable only when an 80% or higher Coinsurance Clause applied.) When an item(s) of insurance under this policy covers any kind of personal property owned by the named Insured, this policy *267 shall also provide, at the option of the named Insured and as an additional amount of insurance, up to 2% of the amount of insurance applicable to each such item, but not exceeding $2,000. under each item, to cover, for the account of the owner(s) thereof other than the named Insured, personal property, similar to that described in the item, belonging to others while in the care, custody or control of the named Insured and only while on the described premises.” (Emphasis supplied.)
The question is whether - the waitresses ’ personal property damaged or destroyed by the fire was ‘ ‘ in the care, custody or control of the named Insured ”.
This is a case of bailment. The restaurant by providing a rack and lockers for its employees in their dressing room was a bailee in the same sense that it might have been had the restaurant’s customers been provided a place for their clothing while dining (cf. Laval v. Leopold, 47 Misc 2d 624, affd. 47 Misc 2d 625). (See 5 N. J. Jur., Bailment, §§ 3-8.)
The answer to the question posed has been decisively answered in New York. No one could dispute that a bailee has property of others in his care, custody or control (5 N. Y. Jur., Bailments, §;§ 8, 14). If defendant Mid-Top was a bailee of its employees’ clothing and other items of personalty, then plaintiffs must recover. That Mid-Top was a bailee was squarely the point of law decided in Kampf v. Yokell (267 App. Div. 914 [2d Dept., 1944]), and is further mandated by section 379 of the New York Labor Law and the regulations promulgated thereunder (Industrial Code, §§ 9.2, 9.11 [12 NYCRR 9.11]).
In Kampf (supra) the court, in reversing the decision below and allowing plaintiff recovery for a lost coat, held: There was an express invitation to plaintiff, held out by defendants, to place her coat in the dressing room and thus yield her personal vigilance during her working hours. There was a bailment for the mutual benefit of plaintiff and defendants.”
The relationship between the restaurant and plaintiffs was that of employer-employee. The waitresses were “ required” to wear uniforms and of necessity changed in the dressing room provided for them by their employer.
In addition, the meaning and the implication of the phrase, “ care, custody and control ”, in an inclusionary sense, as it is used in the fire insurance policy here, has not been heretofore considered by the courts in this State.
The term has not infrequently appeared in contractor’s liability policies. The phrase, however, is used in an exclusionary sense in specifically excluding from liability coverage damage to *268 property which is in “ the care, custody and control of the insured ” (see 30 N. Y. Jur., Insurance, § 1176).
Therefore, we must look to apply the phrase as its individual word meanings may be read in the light of the purpose of the policy.
The word “ care ”, used in this context, is defined in Webster’s New Third International Dictionary, Unabridged (1966 ed.), as “ charge, supervision, management: responsibility for or attention to safety and well-being * * * custody: temporary charge ”.
In the same dictionary “ control” is defined in part as “ regulate : to exercise restraining or directing influence over: regulate: curb ”, and likewise, “ custody ” is defined as “ (a) the act or duty of guarding and preserving * * * safekeeping (b) protection, care, maintenance ”.
Thus the conclusion may be fairly drawn that the plaintiffs’ property was in the charge or custody at the time of the fire, as management was responsible for the safety and well-being of its employees and their personal belongings. The restaurant also exercised direct influence over the plaintiffs’ property by providing the area and means in regulating the location of the property.
Finally, custody as used in the policy connotes the act or duty of guarding or preserving the property in safekeeping for a temporary time until needed by the plaintiffs.
If the insured fulfilled any one of the alternative requirements relating to the “ personal property * * * belonging
to others, while in the care custody or control ’ ’, then coverage was extended to .such property.
I so find.
Judgment for plaintiffs, with one bill of costs, in accordance with the following schedule:
Sandra iG-rana............................. $308.66 Cammille Biondo .......................... 33.70 Anita Smith............................... 91.25 Virginia Liwush........................... 237.00 Shirley Urguhurt.......................... 172.00 Marie Wight .............................. 102.00 Martha Dupont............................ 42.00 Lee O’Bryan .............................. 22.00 Jean Coe.................................. 140.00 Margaret Doris Dee........................ 87.00 Dee Lana ................................. 53.00 Anita Larock.............................. 45.76
*269 Mary Zachary .. Rose M. Capuano Erika Kleiner .. Andree Hay .... Grace Nucci .... 124.95 119.00 51.00 40.00 159.95