VERON, Judge:
This is a suit by plaintiff-appellant, seeking to recover Eleven Hundred Ninety-One and 24/100 ($1191.24) Dollars, from defendants, for a loss that occurred during the time that defendant-appellee Alex Ber-geron was acting as night manager of appellant’s service station. Appellant alleged that Alex Bergeron breached his contract of employment and bailment when he failed to return the cash register and its contents at the end of his tour of duty as night manager on August 18, 1972. Appellant alleged in the alternative that Alex Bergeron was negligent and that his negligence was the direct and proximate result of the loss of the cash register and its contents.
The trial court denied recovery. We affirm.
Appellant hired Alex Bergeron, a 17-year-old minor, to work in his 24-hour a day service station. After working a short while, Alex Bergeron was made night *895 manager; as such, he was the only employee on duty during the night shift. When Alex Bergeron reported for duty on August 18, 1972, the cash register and its contents were in the station. When appellant relieved Alex Bergeron the next morning, the cash register and its contents were missing.
The trial court found that the appellant failed to prove negligence on the part of Alex Bergeron. We find no error in this ruling.
The appellant contends the trial court erred in holding as a matter of law that the employee cannot be, and was not in the case at bar, the bailee or depositary of his employer’s property. He contends that the employer-employee were in a bailor-bailee relationship in this case, and cites Louisiana Civil Code articles 2926, 2928 and 2930 (1870) to show that the element of deposit are present here.
However, appellant has omitted one essential element of a deposit. Louisiana Civil Code art. 2929 (1870) reads:
“The deposit is essentially gratuitous. If the person, with whom the deposit is made receive a compensation, it is no longer a deposit, but a hiring.”
There is, therefore, the question of whether Louisiana law allows a depositor-depositary relationship between an employer and an employee. There are no Louisiana cases on point. A search of other jurisdictions indicates that the law there proscribes a bailment in an employer-employee relationship only in certain exceptional situations.
In 8 Am.Jur.2d, Bailments, 924 — 25 (1963) the general rule is stated:
“Although in certain cases there may be an apparent similarity, a bailor and bailee do not stand in the relation of master and servant to each other. The duties and obligations of the bailor and bailee are totally different, and, in the absence of any agreement in this regard, the former has no control over the latter or his servants. An employment imports control and direction of the employee’s acts within the scope of the employment relationship, and it is not necessary to the relation that personal property be placed in the hands of the employee. The bailment relation, on the other hand, is concerned only with personal property, and the bailee is not subject to control and direction in carrying out the purposes of the bailment, except as the bailment contract provides, but occupies rather the position of an independent contractor. So where the owner of a chattel delivers it to another to perform work in respect to or by means of it, the relationship of the parties is that of bailor and bailee where the owner parts with control over the chattel and is that of master and servant where he retains control of it. A further ground of distinction is that a servant has only the bare charge or custody of the property, and not true possession thereof or any special property therein, while a bailee, on the other hand, is under a special contract with respect to the property and is generally regarded as having true possession, as distinguished from mere custody, sufficient, according to many authorities, to give him a special property in the goods. One may, however, occupy the status of servant at some times or for some purposes and that of baileee at other times or for other purposes with respect to the same property, and the character of the relationship in the light of the particular transaction or circumstances must be determined.”
Appellant cited the cases of Grana v. Security Insurance Group, 72 Misc.2d 265, 339 N.Y.S.2d 34 (Sup.Ct.1972) and Kampf v. Yokell, 267 App.Div. 914, 47 N.Y.S.2d 195 (Sup.Ct.1944), which held that the employer was the bailee of its employees’ property. In the Grana case, supra, the plaintiffs were waitresses who were re *896 quired to wear the uniforms of their employer and the employer furnished a locker room and lockers for its employees’ street clothes. The Court stated:
“This is a case of bailment. The restaurant by providing a rack and lockers for its employees in their dressing room was a bailee in the same sense that it might have been had the restaurant’s customers been provided a place for their clothing while dining . . . (citation omitted).”
In the Kampf case, supra, the employer maintained a dressing room for its employees to deposit their coats. The Court found that the maintaining of a dressing room resulted in a bailment for the mutual benefit of plaintiff and her employer.
The cases cited by appellant are in-apposite to the case at hand. They deal with an employer-employee relationship with special circumstances. The personal property of the employees had no relationship to their employment, whereas, in the instant case, the personal property of the employer was a useful item in the performance of the employee’s duties. There can be no bailment in an employer-employee situation where the property of the employer is used in the course and scope of the employment.
Even if appellant’s contention construing this employee to be a depositary is accepted, a further problem arises in that this depositary was a minor. Louisiana Civil Code art. 2936 deals specifically with such a situation:
“If the deposit was made by a person cabable [capable] of contracting, to another person not having that capacity, he who has made the deposit has only an action * * * of restitution for the amount of the benefit of depositary has derived from it.”
Nothing in the transcript of the present suit shows any “amount of benefit” received by the minor employee from the alleged “deposit”.
The judgment appealed from is herebv affirmed at appellant’s costs.
Affirmed.