*622 OPINION OF THE COURT
Paul H. Blaustein, J.
Plaintiff Diane Forte was a dinner guest of Mr. La Rue Buchanan and his son at defendant’s private country club, Westchester Hills Golf Club, Inc., on January 6,1979.
Miss Forte was concerned about having her full-length raccoon coat hung in the club’s cloakroom. She personally walked into that room, and saw other fur coats hanging there. The club did not provide an attendant in the cloakroom or at the entrance to screen visitors or prevent unwanted guests, although to a limited extent the function of attendant was performed by Doris Cummings, secretary of the club, who was on duty. No notice disclaiming liability was posted.
Miss Forte was told by Mr. Buchanan that there was no need for concern; the club would be responsible for any loss. Seeing other fur coats in the cloakroom and relying upon the assurance of Mr. Buchanan, she gave him her coat to hang up. Miss Forte’s coat was missing when Mr. Buchanan later returned to the cloakroom after dining; apparently, the coat had been stolen.*
Mr. Buchanan had been told a number of times by club employees over the past years, usually in the presence of his wife who also had a fur coat, that there was no need to worry about having coats hung in the cloakroom, as the club would bear responsibility for any loss. The club’s responsibility was confirmed, or admitted, albeit after Miss Forte’s coat was stolen on the evening in question, by an employee of the club, Mr. Abbott (the bartender), who had informed Miss Forte that there was no need for concern; the club would be responsible. Defendant controverts the evidence as to the club’s responsibility by offering the by-laws, which are to the contrary. These by-laws, however, are not binding upon the plaintiff, Miss Forte, who is a third-party guest.
The evidence as to the statement of Mr. Abbott was presented by Mr. Buchanan’s testimony. Mr. Abbott was admittedly in charge of the dining room at the time of plaintiff’s visit. While this testimony is thus hearsay, in small *623 claims proceedings hearsay is admissible subject to the weight given to it by the Trial Judge. (UCCA, § 1804.) It is further admissible as an admission exception to the hearsay rule. This is not unfair. The bartender as an employee of defendant was under its control and could have been produced as a witness, and surely could have been subpoenaed if that were necessary.
The question thus arises as to whether the club is responsible for the theft of Miss Forte’s coat. Before liability may be found, a bailment relationship must exist. Ordinarily, there must be (1) an actual delivery of the coat by its owner (as bailor) to the club (as bailee), and (2) circumstances where the bailee retains possession and control of the coat and in which it may be implied that the coat will be returned in proper condition. (Wentworth v Riggs, 159 App Div 899; see, also, this court’s decision in Morse v Systems for Dining, Small Claims No. 36-1978, City Court of the City of White Plains, Westchester County, March 21, 1978.) For the purpose of determining delivery, Mr. Buchanan cannot be considered as a representative or agent of defendant. It is more accurate to consider Mr. Buchanan to be Miss Forte’s agent rather than the defendant’s agent.
The circumstances here are different from those presented in cases involving restaurants and night clubs open to the general public, where bailment is usually found only if there is delivery to an employee-agent of the restaurant or night club. However, in Laval v Leopold (47 Misc 2d 624, affd 47 Misc 2d 625), a patient visiting her psychiatrist’s office deposited her fur coat in the closet of the reception room. There was no secretary or other employee in the reception room. The court held that the maintenance of a closet in the defendant psychiatrist’s office created an implied invitation to the patient to deposit her coat there, and that the defendant psychiatrist was thus a bailee. The private office of a physician is more analogous to the private facilities of a country club, since both are open to the clientele of the physician or club and not to the general public.
In summary, under the facts presented here, Miss Forte’s coat was hung in the cloakroom of an exclusive private country club. Miss Forte had seen other fur coats hanging in the cloakroom, and Mr. Buchanan had communicated to her the statements as to the club’s responsibility. This was her first visit to the club, and she believed her coat would be safe or the club would be responsible. The absence of a notice *624 disclaiming liability is not dispositive, but the country club’s case would be stronger if such a notice was posted and seen by its guests. Had Miss Forte seen such a notice, this case would not be in court. As in Laval, there is here an implied invitation for a member or guest to deposit his or her coat in the cloakroom. There is no significant evidence to the contrary. This implied invitation would apply for a man’s topcoat or raincoat as well as for a woman’s fur coat. It is not customary for men to wear their coats into a dining room of a country club. Liability should not depend on the sex of the owner of the coat or the coat’s value.
This court holds that it was implicit in the relationship between the guest of a member and the defendant country club that the club became a bailee of that guest’s coat. The bailment was for hire, as opposed to a gratuitous bailment, and required only ordinary reasonable care by the bailee. Monetary consideration was present in (1) the use of the club’s facilities by Mr. Buchanan, a paying member of the club, and his guests, and (2) the dining expenses themselves. The lack of attendants to keep unwanted persons from the club and the lack of any safeguards to protect coats of the members and guests who use the cloakroom was ordinary negligence, and defendant is thus liable.
The equities, as well as "substantial justice”, are surely on the side of plaintiff. (UCCA, § 1804.) She paid $1,132.92 for her coat, and was quite concerned about the safety of that coat when she asked Mr. Buchanan to hang it up. They both relied upon statements of club employees and the prevailing appearances. The court therefore finds for the the plaintiff the amount of $1,000 plus costs.

 The court is willing to infer that the person who stole the coat was not a guest of the club, since evidence was presented that Doris Cummings had called each of the members who were present on the evening in question, and she presumably was satisfied that the coat had not been taken by any of those guests. This finding is made, although it is not necessary to the decision. I