[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This matter is before the court on a hearing in damages. It raised a question of law for which there is no controlling authority in this state. The plaintiff and the defendant entered into a development agreement pursuant to which the defendant agreed to develop and host a website for the plaintiff. In order to enable the defendant to develop and host the website, the plaintiff leased and delivered to the defendant certain computer hardware on which the defendant installed various types of software, some of which the defendant purchased and some of which the defendant designed and programed into the computer hardware. The parties terminated their relationship and the defendant retained the computer hardware claiming that it was entitled to do so, as the development agreement created a common law bailment for hire. The plaintiff claims that the development agreement did not create a bailment and that if it did, the defendant relinquished it's possessory interest in the computer hardware when it de-programed and de-installed the software it had installed on the computer hardware pursuant to a modification of the development agreement.
The first question therefore is whether the development agreement created a bailment. "A bailment is a consensual relation and it includes, in its broadest sense, any delivery of personal property in trust for a lawful purpose." Pinto v. Bridgeport Mack Trucks, Inc.,38 Conn. Sup. 639, 641, 458 A.2d 696 (1983). "The essential element of bailment is the express or implied assumption of control over the property by the bailee." Lissie v. Southern New England Telephone Co.,33 Conn. Sup. 540, 543, 359 A.2d 187 (1976). Neither party entered the development agreement into evidence, however the testimony evidence indisputably established that the plaintiff delivered to the defendant personal property consisting of computer hardware pursuant to the terms and in furtherance of the development agreement for the legal purpose of installing on it software on it necessary to create and host a website for the plaintiff. By its terms, the development agreement created a bailment.
The next question is whether the defendant has an obligation as bailee CT Page 17269 to redeliver the computer hardware. "The duties and liabilities of bailor and bailee are generally determined according to the character of the bailment as one for mutual benefit, or gratuitous. . . ." Black DeckerManufacturing Company, Et Al., 16 Conn. App. 1, 249 A.2d 38 (1988), citing Wright J. Fitzgerald, Connecticut Law of Torts (2d Ed.) § 84, p. 181. A bailment for hire may arise out of the contract. Douglassv. Hart, 103 Conn. 685, 688, 131 A. 401 (1925). The rights of a bailee and a bailor of a bailment created by an agreement is governed by the terms of the contract creating the bailment. On Site Energy Corporationv. Sperry Rand Corporation, 5 Conn. App. 326, 498 A.2d 121 (1985), cert. denied, 197 Conn. 818, 501 A.2d 388 (1985). The bailment having been created by a contract, in this the development agreement, the development agreement controls the rights and obligations of the parties.
After the parties entered into the development agreement, they decided to terminate their relationship and entered into a modification of the development agreement which specified new conditions for the redeliver of the computer hardware. The plaintiff argues without controlling authority that the modification terminated the bailment by operation of law because the agreement called for the defendant to remove the improvements to the computer hardware rendering the hardware in the same condition it was in when the hardware was delivered by the plaintiff to the defendant. There is no evidence of a contractual relinquishment of the bailee's possessory interest in the computer hardware.
Parties to a contract are free to regulate the terms and conditions of the relationship in their agreement. While the law of bailment attachescertain implied obligations, these are only implied "in the absence ofexpress provision in the contract to the contrary. . . ." 9 Williston, Contracts, (3d Ed. 1967) § 1030, pp. 879-80. "The rights, duties, and liabilities of the bailor and the bailee must be determined from the terms of the contract between the parties, whether express or implied. Where there is an express contract, the terms thereof control, since both the bailor and the bailee are entitled to impose on each other any terms they respectively may choose, increasing or diminishing their [5 Conn. App. 332] rights, and their express agreement will prevail against general principles of law applicable in the absence of such an agreement'" (Emphasis added.) Id.
The law of bailment implies a general obligation to redeliver property and the parties are free to stipulate the terms of redeliver. "The general principle that the manner of a bailee's redeliver should be in accordance with the contract stipulations is too well settled to belabor." In Re International Marine Development Corporation, 451 F.2d 763,766 (5th Cir. 1971); 8 C.J.S., Bailment § 37(b). The modified development agreement clearly specified the amended conditions of CT Page 17270 re-delivery. The plaintiff failed to satisfy the conditions to re-deliver specified in the modified agreement and is not therefore contractually entitled to redeliver of the computer hardware in which the defendant has a possessory interest as bailee.
Vanessa L. Bryant, J.