Hopkins v Valiente (2024 NY Slip Op 51209(U))

[*1]

Hopkins v Valiente

2024 NY Slip Op 51209(U)

Decided on September 3, 2024

Civil Court Of The City Of New York, Kings County

Oguntunde-Waterman, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on September 3, 2024
Civil Court of the City of New York, Kings County

Kheren S Hopkins

against
Anelis Valiente

SC-000303-24/KI

Olufunmilola Oguntunde-Waterman, J.

On August 29, 2024, a trial was held where Claimant appeared self-represented, and Defendant appeared by counsel. The court heard testimony from Kheren Hopkins, Claimant, and Anelis Valiente, Defendant. Claimant presented sufficient evidence to make out her prima facie case for damages for injuries caused to Claimant's dog, an eight-year-old male Yorkshire Terrier named "Coco" Hopkins, while in Defendant's exclusive control. Claimant alleged she left the dog with Defendant for a period around the winter holidays in late 2023. Defendant did not deny that the dog was in her care during the relevant period but denied responsibility for the musculoskeletal injuries the dog had sustained while in her care.
Claimant testified credibly and presented several items of documentary evidence to support her claim, including patient charts; paid invoices for veterinary services at the St. Mina Animal Clinic in Woodhaven, New York; a receipt for bill of sale to show ownership of the dog; photos of the dog's injuries; and a sworn affirmation by Edmund Orok-Edem DVM, MRCVS, a New York licensed veterinarian who examined the dog on January 5, 2024.
The veterinarian's affirmation discussed that the dog was examined for non-weight bearing lameness of the right hind leg, lateral patella luxation of the limb with skin laceration of the interdigital area between second and third digits, and femoral head luxation from the pelvis. The veterinarian indicated that the dog required surgery that included cutting of the femoral bone and lateral patella before discharging the dog with post-operative medication. The veterinarian indicated that these injuries were "highly indicative of blunt force trauma often caused by being dropped from a height or being hit by a car." (See, Claimant's Exhibit 1). The veterinarian stated that the car accident scenario was ruled out due to the lack of the presence of blood collected in certain areas that would be consistent with that type of accident.
Counsel for Defendant objected to the admissibility of the affirmation of the veterinarian on hearsay grounds. It is well settled that "[i]n small claims proceedings hearsay is admissible subject to the weight given to it." See, Miller v. Kaminer, 62 Misc 3d 397 (Civil Court of the City of New York, Kings County, 2018), citing, Forte v. Westchester Hills Golf Club, 103 Misc 2d 621 (White Plains City Ct., 1980, Paul H. Blaustein, J.). However, "[a]lthough small claims courts are not bound by statutory provisions or rules of practice, procedure, pleading or evidence (see, Civil Court Act §1804), a small claims judgment may not stand on hearsay alone." Id., citing, Zelnik v. Bidermann Indus, USA., 242 AD2d 227, (1997); Levins v. Bucholtz, 2 AD2d 351 (1956); Hudson House LLC v. Pointdujour, 5 Misc 3d 136[A], 2005 NY Slip Op 51547[U] (App. Term, 2d & 11th Jud. Dists.).
Over objection, the court admitted Dr. Orok-Edem's affirmation as evidence of expert testimony sufficient to establish the injuries sustained by the dog and not to establish causation as raised by defense counsel. The weight given to the doctor's affirmation is limited to the dog's medical condition, and under these circumstances, the court finds the veterinarian affirmation was properly admitted into evidence. 
Concomitantly, the argument that expert testimony is necessary to establish causation in a small claims action in this case is misplaced. It is true that, generally, in a malpractice action, expert testimony is necessary (see, Juliano v. S.I. Vet Care, 34 Misc 3d 147(A) (2nd Dept., 2012), however, even in these types of cases, expert testimony may be dispensed with "where the very nature of the acts complained of bespeaks improper treatment and malpractice." Id., citing, Mathew v. Jerome L. Klinger, D.V.M., P.C., 179 Misc 2d 609 (App Term, 9th & 10th Jud Dists 1998). While this may be true in a medical malpractice case, this is not such an action.
It is not lost on the court that its decision cannot be based on hearsay alone.[FN1]
But even without the veterinarian affirmation, Claimant still meets her burden of proof for negligence, specifically under the doctrine of Res Ipsa Loquitor. The doctrine of Res Ipsa Loquitur applies here allowing the court to infer negligence for the injuries to Claimant's dog as being "of a kind which ordinarily does not occur in the absence of someone's negligence"; was caused by an "instrumentality within the exclusive control of the defendant"; and was not "due to any voluntary action or contribution on the part of the plaintiff" ." McIntyre v. Bradford White Corp., 222 AD3d 1077 (3rd Dept., 2023), citing, Morejon v. Rais Constr. Co., 7 N.Y.3rd 203 (2006).
Claimant credibly testified that she delivered her dog into Defendant's custody when Claimant went away on a trip; that her dog sustained injuries while in Defendant's custody; that her dog did not have those injuries when it was delivered to Defendant; that the dog was in pain when Claimant arrived to pick it up from Defendant; that the injuries were not due to any voluntary action or contribution on the part of Claimant; and that the dog was taken immediately to a veterinarian who confirmed the injuries. Based on Claimant's testimony, viewed collectively with the documentary evidence presented, including, but not limited, to text messages between the parties, the court infers Defendant's negligence for the injuries sustained by Claimant's dog. 
Notwithstanding the out-of-court conversation via text messages, Defendant's counsel argued that there was a lack of causation linking Defendant's culpability to the dog's injuries and moved to dismiss Claimant's claim. The court denies the motion to dismiss finding that Claimant's proofs were credible to substantiate a causal connection between Defendant's responsibility for the dog while watching it, which was never denied, and the injuries which were clearly not caused without fault on behalf of some party while the dog was in Defendant's custody.
Claimant also submitted credible testimony and proof of paid medical invoices indicating losses of $6,000.00 for surgery and hospitalization, $813.00, $219.00, and $68.00 for office visits and medical treatment, and $60.00 for ointment treatments. This total amount is $7,160.00. Although Claimant demanded $10,000.00 in her complaint, she only established damages in the amount of $7,160.00. This court's findings comport with the small claims mandate that "substantial justice" be done between both parties. NY CLS NYC Civil Ct Act § 1807. Guided by this principle, Claimant is awarded the cost of treatment, as established at trial, in the amount of $7,160.00.
Judgment is to be entered for Claimant and against Defendant for $7,160.00, with interest from January 5, 2024, together with costs and disbursements.
Date September 3, 2024
Hon. Olufunmilola Oguntunde-Waterman, Civil Court Judge (NYC)

Footnotes

Footnote 1:Although the court notes that this is a small claims case and the cost of bringing in the expert to court would be cost-prohibitive for the claimant.